UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEBORAH JONES-MACDONALD** § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | Civil Action No.: 4:23-cv-2871 | |
| § | | |
| **RONALDO DELGADO, JR.,** § | | |
| **CHARLES RIBBE** § | | |
| **(in their individual capacities),** § | | |
| **HARRIS COUNTY, TEXAS** § | | |
| *Defendants*. § | | |

### DEFENDANTS RONALDO DELGADO, JR AND CHARLES RIBBE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE GEORGE C. HANKS, JR.:

Defendants RONALDO DELGADO, JR. and CHARLES RIBBE (together "Deputy Defendants") files this Motion to Dismiss Plaintiff's Complaint (Doc. 1), pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Deputy Defendants Delgado and Ribbe would respectfully show the Court as follows:

# TABLE OF CONTENTS

Table of Contents..................................................................................................ii
Table of Authorities.............................................................................................iii
I.  Statement of The Nature and Stage of Proceedings....................................... 1
II. Summary of The Argument ........................................................................... 1
III. Statement of Issues and Standard of Review................................................ 2
    A. Statement of Issues. ................................................................................. 2
    B. Standard of Review. ................................................................................ 2
IV. Argument and Authorities ............................................................................ 6
V. Conclusion .................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arnold v. Williams,* 979 F.3d 262 (5th Cir. 2020) ............................................................... 4
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 2, 3, 4, 13
*Backe v. Le Blanc*, 691 F.3d 645 (5th Cir. 2012) ............................................................... 4
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 2, 3
*Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ............................. 7
*Betts v. Brennan*, 22 F.4th 577 (5th Cir. 2022) ............................................................... 11
*Bonner v. Alford*, civil action no. 3:10-cv-2556, 2014 WL 285139
 (N.D. Tex. Jan. 27, 2014) ............................................................... 5
*Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) ............................. 4
*Cadena v. Ray*, 728 F. App'x 293 (5th Cir. 2018, per curiam) ............................. 10
*Carroll v. Ellington*, 800 F.3d 154 (5th Cir. 2015) ............................................................... 10
*Club Retro, LLC v. Hilton*, 568 F.3d 181 (5th Cir. 2009) ............................. 12
*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ............................. 9
*Dyer v. Houston,* 964 F.3d 374 (5th Cir. 2020) ............................................................... 11
*Easter v. Powell, 467 F.3d 459 (5th Cir.2006)* ............................................................... 5
*Flores v. City of Palacios,* 381 F.3d 391 (5th Cir. 2004) ............................. 6, 12
*Goodson v. City of Corpus Christi*, 202 F.3d 730 (5th Cir. 2000) ............................. 6
*Graham v. Connor*, 490 U.S. 386 (1989), 109 S.Ct. 1865 (1989) ............................. 6, 7
*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) ............................................................... 4
*Hartman v. Walker*, 685 Fed. App'x 366 (5th Cir. 2017) ............................. 9
*Hogan v. Cunningham*, 722 F.3d 725 (5th Cir. 2013) ............................. 10
*Hunter v. Bryant*, 502 U.S. 224, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) ............................. 6
*Hutcheson v. Dallas County*, 994 F.3d 477 (5th Cir. 2021) ............................. 10
*Hyatt v. Thomas*, 843 F.3d 172 (5th Cir. 2016) ............................................................... 4
*Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 800 (5th Cir. 2019) ............. 9
*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) ............................................................... 2
*King v. Handorf*, 821 F.3d 650 (5th Cir. 2016) ............................................................... 4
*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) ............................................................... 3
*Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144 (5th Cir. 2021) ............................. 4
*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) ............................. 5
*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ............................. 3
*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) ............................................................... 2
*Mullenix v. Luna,* 577 U.S. 7, 11 (2015), 136 S.Ct. 305 ............................. 11
*Ramirez v. Martinez*, 716 F.3d 369 (5th Cir. 2013) ............................. 9, 12
*Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001) ............................. 2
*Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir.1993) ............................. 5
*Reichle v. Howards*, 566 U.S. 658 (2012) ............................................................... 4, 11
*Rivera v. City of Pasadena,* 555 F.Supp.3d 443 (S.D. Tex. Aug. 16, 2021) ............................. 9
*Ross v. State*, 802 S.W.2d 308 (Tex. App.—Dallas 1990, no pet.) ............................. 13

*Scott v. Harris*, 550 U.S. 372 (2007) ..................................................................................... 9
*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019) ................................................................ 4
*Smith v. Heap*, 31 F.4th 905 (5th Cir. 2022) ..................................................................... 4, 5
*Tarver v. City of Edna,* 410 F.3d 745 (5th Cir. 2005) ......................................................... 11
*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ............................................ 3
*Tennessee v. Garner*, 105 S.Ct. 1694 (1985) .................................................................... 6, 7
*Terry v. Ohio,* 392 U.S. 1 (1968), 88 S.Ct. 1868 (1968) ...................................................... 7
*Tucker v. City of Shreveport,* 998 F.3d 165 (5th Cir. 2021) .............................................. 11
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ... 3
*United States v. Place*, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) .................. 6
*Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822
 (S.D. Tex. Jun 5, 2019) ......................................................................................................... 5
*Webb v. Arbuckle*, 456 Fed. Appx. 374, 2011 WL 6845887 (5th Cir. 2011) ...................... 5
*Westfall v. Luna*, 903 F.3d 534 (5th Cir. 2018) ........................................................... 10, 11

**Statutes**

Tex. Penal Code § 42.01(a)(1) ...................................................................................... 12, 13

**Rules**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 2
Fed. R. Civ. P 12(b)(6) ............................................................................................... 1, 2, 4, 9

Defendants rely on the following exhibits:

"Exhibit 1":  Delgado's body cam video (from 02:15 to 3:00 and 08:00 to 11:30).

"Exhibit 2":  Ribbe's body cam video (from 07:51 to 11:30).

### I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.     This lawsuit stems from the arrest of Plaintiff, Deborah Jones-MacDonald, on August 13, 2021, by Harris County Sheriff's Office Deputies Rolando Delgado and Charles Ribbe (Doc. #1). Plaintiff alleges Deputy Delgado and Ribbe violated her constitutional rights to remain free from unlawful search and seizure, unreasonable use of excessive force, and wrongful arrest. *Id*.

2.     On August 4, 2023, the Plaintiff, Deborah Jones-MacDonald, filed her original complaint (Doc. #1) against Harris County, Ronaldo Delgado, and Charles Ribbe alleging the Defendants violated her 4th Amendment right to the United States Constitution by using unreasonable excessive force, violating her constitutional rights to remain free from unlawful search and seizure, and wrongful arrest. *Id*.  On October 2, 2023, Defendants Delgado and Ribbe filed their request for pre-motion conference seeking permission to file a 12(b) motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. #7). On October 26, 2023, the Court held a pre-motion conference and granted Defendants permission to file their motion to dismiss no later than November 9, 2023. (Doc. # 13).

### II.    SUMMARY OF THE ARGUMENT

3.     Plaintiff has failed to state a claim upon which relief can be granted against Defendants Delgado and Ribbe. Defendants Delgado and Ribbe assert that they are entitled

1

to qualified immunity. The Complaint is deficient in operative facts necessary to overcome the presumption of qualified immunity and amounts to nothing more than general, conclusory allegations masquerading as factual conclusions of liability, which is insufficient to overcome a qualified immunity defense. Thus, Plaintiff has failed to state any claim upon which relief can be granted against Defendants Delgado and Ribbe. Plaintiff's claim against these Defendants should be dismissed as a matter of law.

### III. STATEMENT OF ISSUES AND STANDARD OF REVIEW

#### A. Statement of Issues.

4. The issue to be ruled upon by the Court regarding Deputy Delgado and Ribbe is:

   (a) Whether Plaintiff failed to state any claim upon which relief can be granted against Deputy Delgado and Ribbe?

#### B. Standard of Review.

5. **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

6.  Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

7.  "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

8. **Qualified Immunity**. Qualified immunity is an affirmative defense that shields a government official "from civil damages liability unless [he] violated a statute of constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). When a defendant invokes qualified immunity, the plaintiff must demonstrate that the defense does not apply. *See King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) ; *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).

9. "To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief." *Smith v. Heap*, 31 F.4th 905, 910 (5th Cir. 2022) (citing *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)). Simply stated, a plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity" to defeat a motion to dismiss based on qualified immunity. *Arnold v. Williams,* 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. Le Blanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Smith*, 31 F.4th at 910. "Facts that only *conceivably* give rise to relief do not

4

suffice." *Id*. While a court generally takes as true what a complaint alleges, the court does not have to give credit a plaintiff's legal conclusions or threadbare recitals of the elements of a cause of action. *Id*.; *see also Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) ("conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense"); *Bonner v. Alford*, civil action no. 3:10-cv-2556, 2014 WL 285139, at *2 (N.D. Tex. Jan. 27, 2014) *aff'd* 594 F. App'x 266 (5th Cir. 2015) (when qualified immunity is an issue, the complaint is subject to a heightened pleading requirement).

10. When assessing a defendant's assertion of qualified immunity, courts engage in a two-step analysis. Using current constitutional standards courts determine whether the plaintiff has alleged the violation of a clearly established constitutional right. *Easter v. Powell, 467 F.3d 459, 462 (5th Cir.2006)* (citing *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir.1993)). Courts must also determine if the defendant's conduct was objectively reasonable in light of the law that was clearly established when the alleged violation occurred. *Id*. (citing *Rankin*, 5 F.3d at 108). "A government official is entitled to qualified immunity if either (1) the plaintiff failed to state a constitutional claim or (2) the defendant's conduct was objectively reasonable in light of the clearly established law." *Id*.

11. "'Because qualified immunity constitutes an immunity from suit rather than a mere defense to liability, the defense is intended to give government officials a right not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery....'" *Webb v. Arbuckle*, 456 Fed. Appx. 374, 378, 2011 WL 6845887, at *3 (5th Cir. 2011) (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)) (en banc).

5

"Thus, qualified immunity claims should be resolved 'at the earliest possible stage in litigation.' " *Id*. (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991)).

12. Deputies Delgado and Ribbe are entitled to qualified immunity from the federal claims that Plaintiff has asserted against them because their actions were objectively reasonable in light of the information they possessed and the then clearly established law. For the Plaintiff to overcome the Deputy Defendants' assertion of qualified immunity she must demonstrate that the constitutional right that the Deputy Defendants allegedly violated was clearly established when the alleged violation occurred, and that the Deputy Defendant's conduct was objectively unreasonable in light of clearly established law.

## IV.   ARGUMENT AND AUTHORITIES

13. **Plaintiff's claim for Excessive Force against Delgado (Count 1).**   "To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that she was seized." *Flores*, 381 F.3d at 396 (citing *Graham*, 490 U.S. at 388, 109 S.Ct. 1865 (1989)). "Next she must show that she suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Id*. (citing *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000)).

14. Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' " against the countervailing governmental interests at stake. *Id*., at 8, 105 S.Ct., at 1699, quoting *United States v. Place*,

6

462 U.S. 696, 703, 103 S.Ct. 2637, 2642, 77 L.Ed.2d 110 (1983). Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. See *Terry v. Ohio*, 392 U.S., at 22–27, 88 S.Ct., at 1880–1883. Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. See *Tennessee v. Garner*, 471 U.S., at 8–9, 105 S.Ct., at 1699–1700 (the question is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure").

15. In *Graham* the Supreme Court explained the perspective from which courts are to evaluate a claim for the excessive use of force under the Fourth Amendment:

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight ... The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Id*. Only the objective reasonableness of force matters for Fourth Amendment purposes; an officer's subjective motivation and intent are irrelevant. *Id*. at 1872–73 ("subjective

7

motivations of the individual officers ... [have] no bearing on whether a particular seizure is 'unreasonable' under the Fourth amendment"). The court must measure the force used under the facts as a reasonable officer would perceive them. *Id*. at 1872.

16.   Plaintiff asserts in the Original Complaint that she dropped her car off at her ex-husband's apartment for him to look at the car for maintenance issues. (Doc. # 1). Plaintiff asserts on the morning of August 13, 2021, a private individual with no court order claimed to be trying to repossess the car at her ex-husband's apartment. *Id*. Plaintiff asserts the individual was turned away and asked for verification of a legal right to take the vehicle. *Id*. Plaintiff asserts the individual then called the Harris County Sheriff's Office and Deputies Delgado and Ribbe arrived on the scene. *Id*. Plaintiff asserts she arrived at the apartment complex and saw her vehicle on a tow truck and believed it was being towed illegally. *Id*. Plaintiff asserts she then got into the driver's seat of her car. *Id*. Plaintiff asserts Deputy Ribbe saw her get into the car and tried to pull the Plaintiff out of the car. *Id*. Plaintiff asserts Deputy Delgado then approached Plaintiff and started trying to pry Plaintiff's hands from the steering wheel. *Id*. Plaintiff asserts she told Delgado and Ribbe to get off her 15 times, and when they wouldn't, she felt threatened and bit Delgado's hands. *Id*. Plaintiff asserts Delgado then punched her two times in the face. *Id*. Plaintiff asserts the excessive use of force was recorded on body camera video. *Id*.

17.   Plaintiff's Complaint refers to video recordings in an attempt to establish plausible facts to support a claim for relief against Deputy Delgado and Ribbe. (Doc. # 1 at paras. 2, 46, and 124). These video recordings that were made during the period of the encounter with Deborah Jones-MacDonald, are central to Plaintiffs' claims and therefore, considered

8

part of the pleadings. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal citation omitted).

18. Defendants Delgado and Ribbe refers the Court to the video of the encounter central to Plaintiffs' claim to demonstrate that Plaintiffs' allegations do not show a plausible claim for relief. When a defendant attaches evidence to a Rule 12(b)(6) motion that is referenced in the complaint and central to the plaintiff's claims, the Court may consider such evidence. *See Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 800, 900 (5th Cir. 2019) (internal citation omitted); *Hartman v. Walker*, 685 Fed. App'x 366, 368 (5th Cir. 2017) ("on a motion to dismiss, the court is not required to favor plaintiff's allegations over the video evidence). "In so attaching [these exhibits that are central to Plaintiffs' claims], the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000). To the extent that the video evidence "blatantly contradicts" Plaintiffs' allegations, the Court must rely on the recorded information over Plaintiffs' bald allegations. *See Rivera v. City of Pasadena,* 555 F.Supp.3d 443, 452 (S.D. Tex. Aug. 16, 2021) (citing *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013)); *see also Scott v. Harris*, 550 U.S. 372 (2007).

19. **The force Delgado and Ribbe used was reasonable**. The bodycam videos show Deputy Delgado and Ribbe detaining Plaintiff's ex-husband on the backseat of the patrol vehicle, when Deputy Ribbe notices the Plaintiff enter the car attempting to crank the car, while the car is hooked up to the tow truck. Deputy Ribbe approaches the car and opens the door to remove the Plaintiff from the car to maintain the peace. Deputy Delgado notices

Deputy Ribbe trying to remove the Plaintiff from the vehicle and walks over to assist. When Deputy Delgado attempts to remove the Plaintiff's hands from the steering wheel, the Plaintiff bites Deputy Delgado on the hand/wrist area. The body worn camera of both deputies on scene, attached as Exhibit "1" and Exhibit "2", shows Deputy Delgado quickly strike the Plaintiff on the left side of her face in an attempt to keep the Plaintiff from biting him again or further assaulting him. The bodycam video plainly shows the Plaintiff resisting arrest after assaulting the deputy. The video evidence makes clear that Plaintiff responded to the deputies attempt to arrest her by aggressively and "actively resisting arrest" throughout the encounter. Police officers may use force to effect an arrest where the suspect actively resists. For example, see *Hutcheson v. Dallas County*, 994 F.3d 477, 480–81 (5th Cir. 2021); see also *Carroll v. Ellington*, 800 F.3d 154, 173–76 (5th Cir. 2015). Beyond this, the amount of force used here to get Plaintiff out of the car and wrestle Plaintiff to the ground was far less than that used in other lawful instances. For example, see *Cadena v. Ray*, 728 F. App'x 293, 296–97 (5th Cir. 2018, per curiam) (reasonable force found where police officers tackled and tased arrestee when he resisted being arrested for public intoxication); *Hogan v. Cunningham*, 722 F.3d 725, 733–34 (5th Cir. 2013) (reasonable force found where police officers tackled arrestee trying to close his front door on them).

20.     Plaintiff further fails to meet the first criterion for making an excessive force claim because she does not allege or show that she suffered any injury as a result of force applied by the Deputies during her arrest. Although a plaintiff need not demonstrate a significant

injury, she must have suffered some harm that was more than de minimis to demonstrate that excessive force was used. *Westfall v. Luna*, 903 F.3d 534, 549 (5th Cir. 2018).

21.     Delgado and Ribbe are entitled to qualified immunity on this conduct, because it certainly can't be said on these facts that "every reasonable officer would have understood" that the pertinent actions were unlawful. *Mullenix*, 577 U.S. at 11, 136 S.Ct. 305, quoting *Reichle*, 566 U.S. at 664, 132 S.Ct. 2088. This being so, "officers of reasonable competence" could disagree on whether the force used here was excessive. *Tucker*, 998 F.3d at 172, quoting *Tarver*, 410 F.3d at 750. "Facing an uncooperative arrestee, officers properly use measured and ascending actions that correspond to [an arrestee's] escalating verbal and physical resistance." *Betts*, 22 F.4th at 582. The evidence from the body cam videos of Delgado and Ribbe, which captures Plaintiff's aggressive demeanor and repeated refusal to cooperate, confirms that officers attempted to reason with her and that they did not immediately resort to force "without attempting to use physical skill, negotiation, or even commands." *Id*. at 583 (internal quotations omitted). Given the facts, Plaintiff has not sufficiently plead facts to defeat qualified immunity as to her excessive force claim. See *Dyer*, 964 F.3d at 380.

22.     Absent a showing that Plaintiff sustained any injury or that force was used unreasonably under the circumstances, Plaintiff does not demonstrate that the deputies used force in a manner that was excessive to the need for gaining her compliance. Because Plaintiff does not show that a constitutional violation occurred, the Deputies are entitled to qualified immunity from Plaintiff's claims and dismissal in their favor.

23. **Plaintiff's § 1983 claims for Unlawful Search and Seizure/ Wrongful Arrest under the Fourth Amendment against Delgado and Ribbe (Counts 2-5).**

a. **Wrongful Arrest.**

24. "In order to make a lawful arrest, an officer must have probable cause to believe the suspect committed a crime." *Ramirez*, 716 F.3d at 375 (citing *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004)). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Flores*, 381 F.3d at 402 (internal quotation marks omitted). "If an officer reasonably but mistakenly believes that probable cause exists, he is entitled to qualified immunity." *Ramirez*, 716 F.3d at 375 (citing *Club Retro, LLC v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009)).

25. Because Plaintiff bit Deputy Delgado while he was attempting to remove her from the car, both deputies at that moment developed probable cause to believe that Plaintiff had committed the crime of assault on a police officer.

26. Moreover, the body cam videos reflect that a reasonable officer would have probable cause to arrest Plaintiff for disorderly conduct. Plaintiff engaged in a confrontational tirade with the deputies thereby leading to a breach of the peace, which resulted in a physical confrontation and a loud disturbance. A person engages in disorderly conduct if he "intentionally or knowingly" uses "abusive, indecent, profane, or vulgar language in a public place, and the language by its very utterance tends to incite an immediate breach of the peace[.]" Tex. Penal Code § 42.01(a)(1). Texas courts have

12

defined and interpreted the term "breach of the peace" to mean an act that disturbs or threatens to disturb the tranquility enjoyed by the citizens. See *Ross v. State*, 802 S.W.2d 308, 315 (Tex. App.—Dallas 1990, no pet.). On the body cam video recordings, Plaintiff is heard loudly refusing to obey the deputies repeated commands to calm down, arguing with them, and creating a disturbance in the middle of the parking lot outside an apartment complex. (See Exhibits 1 and 2). Under these circumstances, a reasonable officer could have believed there was probable cause to arrest the Plaintiff on charges of disorderly conduct in violation of Section 42.01(a)(1) of the Texas Penal Code. For these reasons, Plaintiff has failed to state an Wrongful Arrest claim for which relief can be granted against Defendant Delgado and Ribbe and such claims must be dismissed as a matter of law.

**b.      Unlawful Search and Seizure.**

27.     Plaintiff's complaint alleges Deputy Delgado and Deputy Ribbe conducted a warrantless search and seizure. However, this is merely a conclusory statement that appears to allege a claim for "unlawful search and seizure". Plaintiff provides no further facts to directly support this position by law. See *Ashcroft*, 556 U.S. at 678 ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Therefore, the Court should find that Plaintiff has failed to plead a sufficient factual basis for this claim of unlawful search and seizure and dismiss this claim against Deputy Delgado and Deputy Ribbe.

## V. CONCLUSION

28. For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Deputy Defendants Delgado and Ribbe. Accordingly, Delgado and Ribbe are entitled to dismissal of Plaintiff's claims against them as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Deputy Defendants Ronaldo Delgado, Jr., and Charles Ribbe requests that the Court grant their motion and enter an order dismissing Plaintiff's claim against them and grant all other relief to which these Defendants are entitled.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN MENEFEE
HARRIS COUNTY ATTORNEY

Date: November 9, 2023.   By:   */s/ Gregory Burnett*
GREGORY BURNETT
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Phone: (713) 274-5133 (direct)
gregory.burnett@harriscountytx.gov

Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**ATTORNEY FOR DEFENDANTS ROLANDO DELGADO, JR. AND CHARLES RIBBE**

14

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Plaintiff's attorney, Drew Willey, by email on October 3, 2023, regarding the motion to dismiss the Plaintiff's Complaint. Plaintiff is opposed to the motion.

*/s/ Gregory Burnett*
GREGORY BURNETT

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Drew Willey
P.O. Box 2813
Houston, TX 77252
Email: drew@law-dw.com

Jim Butt
1019 Congress
Houston, Texas 77002
Email: james.butt@harriscountytx.gov

*/s/ Gregory Burnett*
GREGORY BURNETT