UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEBORAH JONES-MACDONALD,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:23-cv-2871 |
| **RONALDO DELGADO, JR., CHARLES** | § | |
| **RIBBE (in their individual capacities),** | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| *Defendants.* | § | |

JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

(Please restate the instruction before furnishing the information.)

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

   By video conference on 11/14/23 at 2:30pm. Attorneys on record for all parties were present: Drew Willey, James Butt, Greg Burnett.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

   None.

3. <u>Briefly</u> describe what this case is about.

   Plaintiff: Ms. Deborah Jones-MacDonald, a 65-year-old Black woman with no criminal history was punched in the face twice by a HCSO patrol deputy who was attempting to illegally assist an illegal repossession by illegally searching and seizing her, after illegally restraining another resident for questioning someone trying to steal her car. No one had a legal right to repossession or their actions, and the involved officers lied about the incident in their reports, failed to complete all required reports, and had a history of dishonesty and abuse known to Harris

County. Harris County's failure to train, shielding of wrongful conduct, permitting wrongful conduct, and ratifying wrongful conduct led to the illegal and excessive abuse of Ms. Jones-MacDonald.

Defendant: This case arises from an arrest on August 12, 2021. Plaintiff intervened when her vehicle was being towed as a repossession. When Plaintiff refused to get out of the vehicle, Deputies Delgado and Ribbe arrived at the scene of the disturbance, and Plaintiff refused their commands to get out of the vehicle. During her struggle with them she bit Ribbe.

4. Identify any issues as to service of process, personal jurisdiction, or venue.

   None.

5. Federal jurisdiction.

   None.

   a. Specify the allegation of federal jurisdiction.  42 USC Section 1983

      Federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

   b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.

   c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

      N/A

6. List anticipated additional parties that should be included, and by whom they are wanted.

   None.

7. List anticipated interventions.

   None.

8. Describe class-action or collective-action issues.

   None.

2

9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

    No disclosures have been made. Defendants oppose disclosures prior to resolution of their motions to dismiss. Plaintiff requests disclosures be made by Defendants within the required timeframe.

10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

    Plaintiff agrees to submit fees by affidavit or declaration.

11. Describe the proposed discovery plan, including:

    a. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.

    At this time, the parties do not believe that any special discovery order needs to be issued or that discovery needs to be conducted in phases or otherwise limited. The parties agree to incorporate the discovery limitations stated in the Federal Rules of Civil Procedure and the Local Rules of this Court.

    b. Any threshold issues−such as limitations, jurisdiction, or immunity−that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

    Defendants propose that the individual defendants' entitlement to qualified immunity be resolved before any discovery is permitted.

12. Experts

    a. Are experts needed on issues other than attorneys' fees?

       Defendant: Yes.
       Plaintiff: Proper experts can be assessed after discovery has commenced.

    b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

    c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

    d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).

13. State the date discovery can reasonably be completed.

    Defendants believe discovery can be completed by August 16, 2024.

    Plaintiff: The court has indicated discovery is suspended until Defendants' 12(b)(6) motions have bene ruled upon. Once that is complete, an expected discovery completion date can be determined.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

    Defendants do not believe that settlement discussions are merited at this time due to the pending motions to dismiss.

    Plaintiffs sent Defendants a pre-suit settlement request, and no response has been given.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

    If Defendants are not dismissed, and after Plaintiff's experts are deposed, mediation could be suitable.

18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison. The parties do not consent to trial before the Magistrate Judge.

    Plaintiff consents to trial before Judge Edison.

19. State whether a jury demand has been made and if it was made on time.

    Plaintiff made a timely demand.

20. Specify the number of hours it will likely take to present the evidence.

    Defendants anticipate 3 days to present the evidence.

    Plaintiffs anticipate a week.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference. Harris County has a pending motion to dismiss.

    Defendants Delgado and Ribbe and Harris County have a pending motion to dismiss.

22. List other pending motions.

23. List issues or matters, including discovery, that should be addressed at the conference.

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

   Defendants filed their Disclosure of Interested Parties on October 25, 2023.

   Plaintiff filed her Disclosure of Interested Parties on August 8, 2023.

*/s/ Drew Willey*  11/14/23
Drew Willey  Date
Counsel for Plaintiff(s)

*/s/ James C. Butt*  11/14/23
James C. Butt  Date
Counsel for Defendant Harris County

*/s/ Greg Burnett*  11/14/23
Greg Burnett  Date
Counsel for Officer Defendants