UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DEBORAH JONES-MACDONALD,** § <br> *Plaintiff,* § <br> § <br> **v.** § <br> § Civil Action No. 4:23-cv-2871 <br> **RONALDO DELGADO, JR.,** § <br> **CHARLES RIBBE (in their individual** § <br> **capacities), HARRIS COUNTY,** § <br> **TEXAS,** § <br> *Defendants.* | |

## HARRIS COUNTY'S MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Harris County ("Defendant") files this Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 21] under Federal Rule of Civil Procedure 12(b)(6) and respectfully shows the Court as follows:

### Introduction

Plaintiff Deborah Jones MacDonald ("Plaintiff") contends Harris County Sheriff Deputies Ribbe and Delgado violated her Fourth Amendment rights and lied about what happened, Doc. 21, pp. 1-4. On August 12, 2021, Plaintiff intervened when her vehicle was being towed as a repossession. When Plaintiff refused to get out of the vehicle, Deputies Delgado and Ribbe arrived at the scene of the disturbance, and Plaintiff refused their commands to get out of the vehicle. During her struggle with them she bit Ribbe.

### Summary of the Argument

Harris County is entitled to dismissal with prejudice on several grounds. Although, Plaintiff asserts that various policies were the "moving force" behind alleged violations of her constitutional rights, her allegations are conclusory. She alleges that jail statistics of Harris County's jail are relevant and show a culture of violence. She alleges that Harris County has a policy, procedure, custom practice or protocol of inadequate training, supervising and/or disciplining its officers (Count 7); shields its officers from consequences of illegal and/or improper conduct (Count 8); permits its officers to perform illegal and/or improper conduct and ratifies such actions (Counts 9 and 10).

In summary, her supporting evidence for the *Monell* claims lacks specificity, similarity and numerosity.

## Nature & Stage of the Proceeding

This is a federal civil rights suit brought against Harris County, arising from Plaintiff's arrest on August 12, 2021. (Doc. 21). Plaintiff sues under Section 1983 contending Harris County Sheriff Deputies Ribbe and Delgado used excessive force during her arrest. Harris County denies that it is liable to Plaintiff under any theory. No scheduling order has been entered.

## Statement of Issues

1. Is Harris County entitled to dismissal of Plaintiff's claims for liability under Section 1983?

## Standard of Review

If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also*

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim").

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting

3

*Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

"When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted).

However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499.

Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Rivera v. City of Pasadena*, 555 F. Supp. 3d 443, 453 (S.D. Tex. 2021), citing *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## Argument & Authorities

**1. Harris County is entitled to dismissal of the claims under Section 1983.**

To state a claim for municipal liability under § 1983, a plaintiff must allege (1) an official policy or custom, and (2) a violation of constitutional rights whose "moving force" is the policy or custom. In *Canton v. Harris*, the Supreme Court explained that:

> In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

However, the Supreme Court cautioned that § 1983 requires plaintiffs to do more than just show that a government employee violated his or her rights. If that were the test, municipalities would be liable under *respondeat superior*, which the Supreme Court rejected in *Monell v. Department of Social Services of the City of New York,* 98 S.Ct. 2018, 2037-38 (1978). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy

5

or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."

The Supreme Court has described causation in a § 1983 case as requiring a plaintiff to "initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.'" *Spiller v. City of Texas City, Police Dept.,* 130 F.3d 162, 167 (5th Cir. 1997) (citation omitted). The plaintiff must also allege how "'the custom or policy served as the moving force behind the [constitutional] violation at issue,' or that her injuries resulted from the execution of the official policy or custom." *Id.* (citations omitted). <u>The description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory. It must contain specific facts</u>. *Id.* (citations omitted) (emphasis added).

Additionally, the Fifth Circuit has defined an official policy for purposes of § 1983 as "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's law-making officials or by an official to whom the lawmakers have delegated policy-making authority." *Okon v. Harris Cnty. Hosp. Dist.*, 426 F. App'x 312, 316 (5th Cir. 2011) (citations omitted).

To meet her pleading standard, Plaintiff was required to explain what policy was created, or show facts to establish that the policymaker was deliberately indifferent to conduct that was so "persistent and widespread" that it became a custom. Plaintiff was then required to plead facts establishing that the official policy or custom specifically caused her particular damages. Plaintiff has failed to meet this requirement.

6

The claims which Plaintiff brings against Harris County are based in large part on jail statistics (Exhibits C and E) which bear no relevance to patrol functions performed by Delgado and Ribbe and thus the Court should not consider them. Furthermore, in an effort to somehow cast Delgado and Ribbe as "robo-cops" Plaintiff lists earlier discipline imposed on Delgado and Ribbe (paragraphs 195 and 196). A close examination of the discipline imposed shows it was primarily related to vehicular movement errors which bear no relevance to any of Plaintiff's claims. Further undermining Plaintiff's claims against the County are the numerous allegations that Delgado and Ribbe "lied" about their interaction with Plaintiff (paragraphs 6, 18, 20, 91, 93, 94, 95, 98, 132, 158, and 208). To impose liability upon the County based upon an employee's "lies" would amount to respondeat superior liability and should not be construed to support any claim against the County. Contrary to Plaintiff and not surprising for a major law enforcement agency of one of the largest populated counties in the nation, the Harris County Sheriff's Office has numerous policies which address conduct expectations of its deputies. When a defendant attaches evidence to a Rule 12(b)(6) motion that is referenced in the complaint and central to the plaintiff's claims, the Court may consider such evidence. See *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.,* 920 F.3d 800, 900 (5th Cir. 2019) (internal citation omitted); *Hartman v. Walker*, 685 Fed. App'x 366, 368 (5th Cir. 2017). "In so attaching [these exhibits that are central to Plaintiffs' claims], the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000). The Court must rely on the recorded information.

See *Rivera v. City of Pasadena*, 555 F.Supp.3d 443, 452 (S.D. Tex. Aug. 16, 2021) (citing *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013)). As shown in the attached policies, special operating procedure and disciplinary matrix, Harris County, indeed has policies which address conduct, training, supervision, and discipline of its deputies as alleged in Count 7.

    a. Use of Force and de-escalation

Plaintiff references Policy 501 De-Escalation and Response to Resistance, in paragraphs 115, 187 and 189 in an effort to establish liability of Delgado and Ribbe for not following the policy. The County's policy on this subject See Exhibit "A", bates pages HC_0001-18.

    b. **Report writing.**

Plaintiff further contends that Delgado and Ribbe failed to complete reports for the incident. Doc 21, ¶ 256. Contrary to that claim, Policy 601 Reports, effective June 8, 2021 addresses report writing and Special Operating Procedure 207 Reports, effective April 22, 2020 further imposes extensive requirements of report writing. See Exhibit "B", bates pages HC0019-31.

    c. **Shielding Misconduct (Count 8).**

Plaintiff contends that Harris County shields its deputies from the consequences of illegal and/or improper conduct. As the attached Disciplinary Matrix and Policy 301 Corrective Actions and Disciplinary Procedures, Harris County has a comprehensive and equitable system of discipline. See Exhibit C Disciplinary Matrix and Policy 301,

8

Corrective Actions and Disciplinary Procedures effective June 15, 2021, bates pages HC_0032-48.

### d. Permissiveness and Ratification (Counts 9 and 10)

Plaintiff's additional basis for asserting liability is that Harris County has a permissive response to misconduct and ratifies misconduct. (Counts 9 and 10) Doc. 21, ¶¶ 276-294. As previously shown by policy and disciplinary matrix, Harris County imposes strict guidance upon its deputies and Plaintiff's claims are contrary to the facts.

Furthermore, the County does not ratify misconduct. Ratification concerns whether "the authorized policymakers approve[d] a subordinate's decision and the basis for it." *City of St. Louis v. Praprotnik*, 485 U.S. 127 (1988). This means that the policymaker must have <u>actual knowledge</u> of the improper basis for the subordinate's action and yet approve the action anyway. *Beattie v. Madison Cty. Sch. Dist.,* 254 F.3d 595, 604 (5th Cir. 2001) (emphasis added).

Further, the Fifth Circuit has not relaxed the causation requirement of *Monell* in the ratification context and continues to require an official policy to be the moving force for the constitutional violation. *Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2004). The Fifth Circuit has also limited the theory of ratification to "extreme factual situations." *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017); *Peterson v. City of Fort Worth,* 588 F.3d 383, 851 (5th Cir. 2009).

Therefore, a "policymaker who simply go[es] along with a subordinate's decision do[es] not…vest final policymaking authority in the subordinate, nor does a mere failure

9

to investigation the basis of a subordinate's discretionary decisions amount to such a delegation." *Milam*, 113 F.App'x at 627.

"Good faith statements made in defending complaints against municipal employees do not demonstrate ratification." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010). Where a police chief has accepted his subordinate's version of events, courts have found no ratification liability unless the subordinate's actions were "manifestly indefensible" under that version. *Coon v. Ledbetter*, 780 F.2d 1158, 1162 (5th Cir. 1986).

Plaintiff wholly fails to set forth any allegation or factual support to show any ratification by a policymaker. Further, to be successful under the ratification theory, Plaintiff must prove that there is a connection between the alleged injury and the conduct that was ratified by Harris County. Plaintiff's Complaint provides no basis to establish that Harris County ratified any alleged constitutional violation.

    e. **Claims regarding deficient training (Count 7).**

Courts have recognized that, under limited circumstances, the failure to train or to supervise employees may give rise to County liability under § 1983. *Connick v. Thompson*, -- U.S. --, 131 S. Ct. 1350, 1359 (2011); *Thompson v. Upshur Cty, Tx*, 245 F. 3d 447, 459 (5th Cir. 2001). In such cases, a County may be held liable only when its actions amount to deliberate indifference to the constitutional rights of those citizens with whom the untrained or unsupervised employees come into contact. *Id*. Courts have repeatedly emphasized how very high the standard of proof is to impute liability in these cases. *See, e.g.*, *Connick*, 131 S. Ct. at 1360.

Typically, a plaintiff can prove deliberate indifference only through evidence of a pattern of violations caused by the lack of training or supervision. *See Connick*, 131 S. Ct. at 1360; *Thompson*, 245 F.3d at 459. The factfinder simply cannot infer a policy of authorizing misconduct from a single incident except in "a narrow range of circumstances where a constitutional violation would result as the highly predictable consequence of a particular failure to train." *Kitchen v. Dallas Cty., Tex.*, 759 F.3d 468 (5th Cir. 2014) (quoting *Connick*, 131 S. Ct. at 1361); *see also Thompson*, 245 F.3d at 459. "Without notice that a course of training is deficient in a particular respect, decision makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 131 S. Ct. at 1360. Plaintiff has failed to show a pattern of similarly and specific violations. See Petters v. Fort Worth, 588 F.3d 838, 851 (5th Cir. 2009) ("a pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question");

Plaintiff has not alleged any facts of any inadequate training procedures or that any specific alleged inadequate training caused a constitutional violation. Plaintiff makes only conclusory allegations with regard to the deputies' training.

Plaintiff has failed to set forth facts that Harris County was "deliberately indifferent" and had an official policy, practice or custom that caused a violation of Plaintiff's constitutional rights. Plaintiff's burden of proof is not satisfied by a mere showing of "some metaphysical doubt as to the material facts" or by "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Duffie v. United States,* 600

F.3d 362, 371 (5th Cir. 2010), *cert. denied*, --- U.S. ---, 131 S.Ct. 355 (2010); *Wallace v. Texas Tech University,* 80 F.3d 1042, 1047 (5th Cir. 1996).

## Conclusion & Prayer

The Court should dismiss the claims by Plaintiff against Harris County because Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). Her *Monell* claims fail because she has made conclusory allegations and has failed to show any causal connection between her allegations and the alleged constitutional violation. Plaintiff has failed to set forth facts to support a ratification claim against Harris County. Harris County requests the Court dismiss all of Plaintiff's claims against Harris County with prejudice.

**Date:  January 2, 2024**

                Respectfully submitted,

                **CHRISTIAN D. MENEFEE**
                HARRIS COUNTY ATTORNEY

                **JONATHAN G. C. FOMBONNE**
                DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

                **NATALIE G. DELUCA**
                MANAGING COUNSEL,
                DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By:   */s/ James C. Butt*
        **JAMES C. BUTT**
        Sr. Assistant County Attorney
        ATTORNEY-IN-CHARGE
        State Bar No. 24040354
        Fed. Bar No. 725423
        Phone:  (713) 274-5133 (direct)
        james.butt@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

CERTIFICATE OF CONFERENCE

I hereby certify that on December 28, 2023, I conferred with Drew Willey and reached no agreement on the resolution of the motion to dismiss Harris County. The relief sought is opposed.

*/s/ Jim Butt*
Jim Butt

CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure to all counsel of notice.

*/s/ Jim Butt*
Jim Butt