UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH JONES-MACDONALD, § | | |
|    *Plaintiff,* § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 4:23-cv-2871 | |
| § | | |
| ROLANDO DELGADO, JR., § | JURY TRIAL DEMANDED | |
| CHARLES RIBBE § | | |
| (in their individual capacities), § | | |
| HARRIS COUNTY, TEXAS, § | | |
|    *Defendants.* § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS ROLANDO DELGADO, JR. AND CHARLES RIBBE'S MOTION TO DISMISS**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT SITTING IN THE SOUTHERN DISTRICT OF TEXAS:**

Plaintiff Deborah Jones-MacDonald ["Plaintiff"] respectfully comes before this Honorable Court and files her Response to Officer Defendants' Motion to Dismiss and, in support thereof, would show the following:

### Table of Contents

I.  INTRODUCTION ........................................................................................................... 2
II. ARGUMENTS AND AUTHORITIES ........................................................................... 3
   A.  Delgado and Ribbe Clearly Used Unreasonable Force as Shown by *Graham* Factors and Caused Harm in Violation of Plaintiff's Constitutional Rights. ................ 4
   B.  Delgado and Ribbe Unreasonably Subjected Plaintiff to an Illegal Search and Seizure. ................................................................................................................................ 8
   C.  Delgado and Ribbe had No Probable Cause and Illegally Arrested Plaintiff. .......... 9
III. CONCLUSION ............................................................................................................... 10
IV. PRAYER .......................................................................................................................... 10

### Table of Authorities

**Cases**
*Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009) ......................................................... 4, 7
*Eason v. Holt*, 73 F.3d 600 (5th Cir. 1996) .................................................................................. 4

1

*Graham v. Connor,* 490 U.S. 386 (1989) ............................................................................... 5
*Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989) ............................................... 5
*Hanks v. Rogers*, No. 15-11295 (5th Cir. April 5, 2017) ............................................................. 4, 7
*Hernandez v. Maxwell*, 905 F.2d 94 (5th Cir.1990) ................................................................. 4
*Johnson v. Dallas Ind. School Dist.*, 38 F.3d 198 (5th Cir. 1994) ............................................. 4
*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th. Cir. 1996). ....................................... 4
*Pearson v. Callahan*, 555 U.S. 223 (2009). ............................................................................ 4
*Tarver v. City of Edna*, 410 F.3d 745, 753-54 (5th Cir. 2005) ................................................. 5
*Tennessee v. Garner*, 471 U.S. 1 (1985) ................................................................................. 5

## I.    INTRODUCTION

Delgado and Ribbe are liable for their excessive and unreasonable attack, seizure, and arrest without provocation or threats against an innocent 65-year-old elderly Black woman. We have pled sufficient facts to establish a violation of her clearly established constitutional rights to remain free from unreasonable search and seizure, unreasonable use of excessive force, and wrongful arrest to overcome Defendants' 12(b)(6) dismissal motion. Because Plaintiff alleged sufficient facts that are to be taken as true, this court should deny the Defendant's Motion to Dismiss and allow discovery to continue on these claims.

Delgado and Ribbe's Motion to Dismiss seems to confuse the timing of events in this case when claiming their actions were reasonable. Because it's important to understand the timeline and sequence of events to analyze the reasonableness of their actions, we will clarify the timeline.[1] The order of events from the underlying incident, as pled in our amended complaint and verified by the incident videos, are:

   1. Plaintiff legally got into her car.

   2. Delgado ran to her in the car without any verbal warnings or commands.

---

[1] Viewing this incident in the totality of the circumstances is also important. While we do not forego a broader viewing of ALL the officers' actions on the day in question (which supports how unreasonable they were), we are only including the immediate harmful action in this timeline for judicial economy.

3. Ribbe approached her in the car and merely stated in a threatening and escalating manner, "Now, it's your turn."

4. Without reasonable suspicion or probable cause of a crime, Ribbe began grabbing Plaintiff to drag her out of the car.

5. She screamed for him to "get off" at least three times before Ribbe stated any words asking her to get out of the vehicle – in the middle of a struggle that he initiated.

6. Delgado joined the struggle without any verbal warnings or commands and began yanking her arms.

7. Delgado began prying Plaintiff's fingers form the steering wheel without any verbal warnings or commands or any attempts to de-escalate the situation.

8. Plaintiff, in desperation, yells "get off" at least fifteen more times.

9. Only after they continued to escalate the situation without any signs of backing down from their aggression, Delgado screams accusing Plaintiff of biting him.

10. Delgado then applied disproportionate and deadly force by punching the 65-year-old elderly Black woman Plaintiff in the face twice.

11. Delgado and Ribbe then grabbed her by her hair and dragged her out of the car.

12. While she is on the ground with Delgado on top of her upper body, Ribbe severely twists her ankle and knee.

13. Ribbe then drops his body weight on her slamming his knees into Plaintiff's legs.

14. Delgado and Ribbe handcuff and place Plaintiff in the back of a police car.

## II.     ARGUMENTS AND AUTHORITIES

The standard for a Motion to Dismiss is that "a Rule 12(b)(6) motion is asserted for failure to state a claim upon which relief can be granted. Motions for failure to state a claim disfavored in

the law and rarely granted. To overcome a Rule 12(b)(6) motion, the complaint must contain, enough facts to state a claim to relief that is plausible on its face. The complaint is to be liberally construed in favor of the plaintiff." *Calhoun v. Villa*, 761 F. App'x 297, 299 (5th Cir. 2019). This Honorable Court may only consider Plaintiff's amended complaint and matters which are the proper subject of judicial notice in considering a motion to dismiss under Rule 12(b)(6). *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-1018 (5th. Cir. 1996). Further, a Court's decision concerning a motion to dismiss must grant all reasonable inferences in favor of the Plaintiff non-movant. *Eason v. Holt*, 73 F.3d 600, 601 (5th Cir. 1996). Rule 12(b)(6) requires this Honorable Court to accept the facts pled by Plaintiff as true. *Johnson v. Dallas Ind. School Dist.*, 38 F.3d 198, 205 (5th Cir. 1994). Finally, this Honorable Court should view all allegations in the Complaint in the light most favorable to Plaintiff. *Eason*, 73 F.3d at 601, citing *Hernandez v. Maxwell*, 905 F.2d 94 (5th Cir. 1990). A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

Delgado and Ribbe assert that they are entitled to qualified immunity. The Supreme Court has "mandated a two-step sequence for resolving government officials' qualified immunity claims." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). An officer is not entitled to qualified immunity (1) if the officer violated the plaintiff's constitutional rights and (2) the officer's action was not objectively reasonable in light of the clearly established law. *Id.* Delgado and Ribbe violated Plaintiff's constitutional rights and their actions were objectively unreasonable.

    **A.    Delgado and Ribbe Clearly Used Unreasonable Force as Shown by *Graham* Factors and Caused Harm in Violation of Plaintiff's Constitutional Rights.**

The right to be free from excessive force is a clearly established right. *Hanks v. Rogers*, No. 15-11295 (5th Cir. April 5, 2017); *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009);

4

*Tarver v. City of Edna*, 410 F.3d 745, 753-54 (5th Cir. 2005); *see Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985). Fourth Amendment excessive force claims are determined by a "reasonableness" standard that requires careful attention to the facts and circumstances of each particular case considering the **_totality of the circumstances_**. *Graham v. Connor,* 490 U.S. 386, 395-96 (1989) (emphasis added). These factors include, but are not limited to, (1) severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether there is active resistance to arrest or attempt to evade arrest by flight. *Id.* The following chart highlights the *Graham* factors and whether each factor weighs towards Delgado and Ribbe's actions being unreasonable:

| *Graham* Factors | Reasonable? |
|---|---|
| Severity of the crime at issue | Unreasonable - Plaintiff was not suspected of any crime. |
| whether the suspect poses an immediate threat to the safety of the officers or others | Unreasonable – Deborah Jones- MacDonald, a 65-year-old elderly Black woman, posed no threat, immediate or ongoing, to the officers or anyone else on scene. In fact, witnesses were pleading with the officers to stop abusing her, rather than anyone recognizing any perceived threat from Plaintiff. |
| whether there is active resistance to arrest or attempt to evade arrest by flight | Unreasonable – Ms. Jones-MacDonald's actions were merely in self-defense after the officers escalated to violence without wanring or commands. She was also in her car unable to move or flee the entire time. She made no attempt to evade arrest by flight. |

Strikingly, Harris County's own policy dictates standards for evaluating reasonableness of officer use of force. As stated in our amended complaint, those factors also show how unreasonable Delgado and Ribbe's actions were in this case:

| Reasonableness Factor | Reasonable? |
|---|---|
| Seriousness of the crime or suspected offense | Unreasonable - Plaintiff was not suspected of any crime |
| Institutional security risk posed by the subject | Unreasonable - no risk existed |

5

| | |
|---|---|
| Reason for contact with the subject | Unreasonable - an illegal tow |
| Whether the subject is experiencing a medical emergency that rendered him or her incapable of making a rational decision | Unreasonable - no medical emergency until Delgado and Ribbe got involved |
| The level of threat or resistance presented by the subject | Unreasonable - no threat until Delgado and Ribbe began using force |
| The relationship between the need for the use of force and the amount of any force used | Unreasonable - an elderly Black woman does not need to be punched in face twice or have her ankles and knees twisted or officer knees slammed into her legs by two larger male officers in full police equipment to subdue her before force was used |
| Potential for injury to the subject, employee, or others | Unreasonable - Delgado and Ribbe knew there was a high likelihood she could be injured |
| An attempt by the subject to escape | Unreasonable - she was in her car unable to move or flee the entire time |
| Time available to the employee to make a decision and his or her reasonable access to de-escalation options | Unreasonable - they had plenty of time to give her warnings, requests, or other de-escalation tactics before running over to her and using force immediately |
| Proximity or access of weapons to the subject if any | Unreasonable - she had no access or closeness to any weapons |
| Whether the conduct of the subject no longer reasonably appears to pose an imminent threat to the employee or others | Unreasonable - her conduct was never an imminent threat to anyone |
| Relative factors of age, size, strength, skill level, injury, exhaustion, and the number of employees versus the number of subjects | Unreasonable - two large males in full police equipment compared to an elderly Black woman in nothing but a flimsy dress |
| Environmental factors and exigent circumstances | Unreasonable - it was a clear day with another suspect already in a police car and no other exigent circumstances |

We have clearly stated sufficient facts to raise a question whether Delgado and Ribbe's actions were objectively reasonable under a *Graham* analysis. Ms. Jones-MacDonald was punched in her face twice, was pulled out of car by her arms and legs, and also grabbed by her hair by

6

Delgado.[2] Ribbe used excessive and unreasonable force when he grabbed her foot with both of his hands, severely twisted her ankle, and slammed his knees into her legs on the ground.[3] This all happened without any reasonable suspicion of a crime or any belief at all that she could have been committing a crime.[4] The use of this unreasonable force to remove Plaintiff from the vehicle was unnecessary as Delgado and Ribbe never gave any verbal commands or warnings **_before they began using force_**.[5] These facts sufficiently plead that Delgado and Ribbe's use of force was objectively unreasonable.

No reasonable officer in the same position as Delgado and Ribbe could conclude that such a high-level of force was appropriate against an innocent 65-year-old elderly Black woman. The Fifth Circuit has upheld excessive force claims when a jury could determine the officer used clearly unreasonable and excessive force as in this case. *See Hanks*, No. 15-11295; *Deville*, 567 F.3d 156. Notably, both case rulings were on Summary Judgment Motions, not a Motion to Dismiss, further favoring a denial of the motion to dismiss here.

In *Deville*, the Plaintiff was allegedly pulled over for speeding. She aggressivley refused to get out of her vehicle or roll her window down after officers gave commands. *Deville v. Marcantel*, 567 F.3d 156, 161-162 (5th Cir. 2009). Subsequently, she was forcibly removed from the car, resulting in injuries. *Id* at 162. The Fifth Circuit determined that the officers actions were unreasonable and denied summary judgment for their claims asserting qualified immunity. Delgado and Ribbe's actions were more egregious because they failed to give any kind of warnings

---

[2] Dkt. 21, ¶ 16.
[3] Dkt. 21, ¶ 17
[4] Dkt. 21, ¶ 40.
[5] Dkt. 21, ¶ 81. Of important note is the timing of demands to comply. Plaintiffs have pled, truthfully, that any commands only came after the officers applied force, further evincing the unreasonable actions and why Plaintiff's assertions defeat dismissal arguments.

or commands before they deployed excessive and unreasonable force. The only commands were given while they continued to actively abuse Ms. Jones-MacDonald.

An officers' actions are unreasonable if excessive force is used even in the face of active resistance and physical shoving.[6] *See Rowland v. Perry*, 41 F.3d 167 (4th Cir. 1994). In *Rowland*, a struggle occurred between the officer and Plaintiff, and the Plaintiff shoved the officer. The Court stated that the officer is not entitled to qualified immunity because he was not objectively reasonable in his use of force after the struggle began with Rowland. *Id* at 174. In our case, unreasonable and excessive force was used to simply remove a 65-year-old elderly Black woman from her own vehicle. Delgado and Ribbe are not entitled to qualified immunity for the same reasons the officer in *Rowland* was denied summary judgment.

The entire videos of this incident were included in Defendants' exhibits and should be considered in totality, not just the sections cited by Delgado and Ribbe, because they show all the circumstances of how unreasonable the officers were, as pled exhaustively in our amended complaint.[7]

### B.     Delgado and Ribbe unreasonably subjected Plaintiff to an illegal search and seizure.

In their motion to dismiss, Delgado and Ribbe claim that "[b]oth deputies approach the Plaintiff and calmly try to reason with the Plaintiff to exit the vehicle." Dkt. 24, pg. 13. Alongside the inclusion of the video that directly refutes this characterization, it is a bold false statement that they calmy did anything. As shown in the video and explained in our amended complaint, Delgado and Ribbe not only seized Plaintiff before any verbal commands or warnings, they immediately

---

[6] In this case, any force that the Plaintiff used against Delgado or Ribbe is protected under the "castle doctrine" for protection of her car provided by Texas Penal Code § 9.32.
[7] See Dkt. 21, ¶¶ 9, 16, 17, 113 - 115, 119, 208, 209, 218, 220, 221, 224, 226, 227, 230, 232 - 234, 236, 238 - 240, 245, 251, 254, 255, 256, 269, 270, 274, 275, 277, 280, 283, 285, 287, 293.

escalated the scene, immediately deployed the use of force, and were never calm or de-escalating. Delgado and Ribbe's assertion otherwise is an affront to this Honorable Court's integrity and our rule of law. This assertion, along with the other totality of circumstances pled throughout our amended complaint, further proves the unreasonableness of Delgado and Ribbe's actions. For judicial economy, we stand on our amended complaint to show that our claim of illegal search and seizure survives the reasonableness scrutiny to justify a denial of Delgado and Ribbe's Motion to Dismiss.

      **C.**     **Delgado and Ribbe had no probable cause and illegally arrested Plaintiff.**

In their Motion to Dismiss, Delgado and Ribbe make further false statements regarding probable cause. Delgado and Ribbe lacked probable cause before rushing to the Plaintiff and deploying excessive force. Their motion falsely claims that Plaintiff bit the officers before they were trying to seize her.[8] Further, after she was being attacked, the Plaintiff was merely acting in self-defense, and her actions are protected under the "castle doctrine" for protection of her car provided by Texas Penal Code § 9.32. The charge of Assault on a Peace Officer was dismissed because of insufficient evidence of the wrongful allegations by Delgado and Ribbe.[9] They wrongfully arrested her for those false allegations.

In their motion, Delgado and Ribbe then try to victim-blame and shift the cause of the escalation to Plaintiff, by alleging she breached the peace.[10] Delgado and Ribbe's assertion that probable cause existed for breach of the peace would be ironic if the consequences of the *officers'* breach of peace were not the grave and severe injuries to an innocent elderly Black woman in our community. No officer or supervisor on scene ever asserted that she breached the peace, and her

---

[8] Dkt. 24, ¶ 27.
[9] Dkt. 21, ¶ 194.
[10] Dkt. 24, ¶ 32.

actions, as pled in our amended complaint and shown in the video, were far from "abusive, indecent, profane, or vulgar."[11] Delgado and Ribbe initiated and caused the physical confrontation and loud disturbances. As sufficiently pled in the complaint and to be taken as true, no reasonable officer under the totality of facts and circumstances would have believed they had grounds to arrest Ms. Jones-MacDonald. Plaintiff has sufficiently pled this cause of action to defeat a Motion to Dismiss.

### III.   CONCLUSION

Plaintiff has sufficiently pled multiple valid causes of action, specifically, Delgado and Ribbe violated Ms. Jones-MacDonald's constitutional rights to be free from: 1) excessive force; 2) illegal search and seizure; and 3) wrongful arrest. Therefore, this court should deny the Defendants' Motions to Dismiss and allow discovery to continue on these claims.

### IV.   PRAYER

WHEREFORE, Plaintiff requests that this Court deny Defendants' Motion to Dismiss in its entirety, or in the alternative, permit Plaintiff to amend their complaint and grant all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

By: */s/ Drew Willey*
   Drew Willey
   Fed ID: 2513935
   SBN: 24093371
   P.O. Box 30317
   Houston, Texas 77249
   713-739-9455 (p)
   713-510-1950 (f)
   Drew@Law-DW.com
   ATTORNEY FOR PLAINTIFF

---

[11] See Dkt. 21, ¶ 86, compared to Dkt. 24, ¶ 32.

## **CERTIFICATE OF SERVICE**

I, Drew Willey, certify by my signature below that the foregoing document was electronically filed with this Court on February 27, 2024, which constitutes service on Filing Users.

*/s/ Drew Willey*