UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DEBORAH JONES-MACDONALD,** § | |
|    *Plaintiff,* § | |
| § | |
| **v.** § | |
| § | Civil Action No. 4:23-cv-2871 |
| **RONALDO DELGADO, JR.,** § | |
| **CHARLES RIBBE (in their individual** § | |
| **capacities), HARRIS COUNTY,** § | |
| **TEXAS,** § | |
|    *Defendants.* | |

## DEFENDANT HARRIS COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Harris County ("the County") files this its Reply in Support of Its Motion to Dismiss Plaintiff's Amended Complaint. In support of said reply and motion, the County would respectfully show the Court as follows:

### I.  STATEMENT OF ISSUES

1. The issues to be ruled upon by the Court are as follows:

    (a) Whether Plaintiff allege facts that plausibly show:

    A *Monell* claim for which relief could be granted against Harris County?

### II.  SUMMARY OF ARGUMENT

2. Plaintiff's federal claims against the County are conclusory, speculative, and lacking in supporting facts and must be dismissed.

### III. ARGUMENT AND AUTHORITIES

3. **Respondeat Superior.** On the first page of her response Plaintiff conflates the parties and argues: "The claims in this case against Harris County arose out of **the county's** excessive and unjustifiable attack on Plaintiff, without provocation or threats from a 65-year-old elderly Black woman." (emphasis added). This argument betrays the nature of the specious claims against Harris County. The County did not attack anyone, and Respondeat Superior is not applicable to the federal claims against Harris County.

4. **County Policies.** Next Plaintiff argues that Ribbe and Delgado violated Harris County's written policies. County procedures and policies are not a substantive source of constitutional law. If Deputies Ribbe and Delgado indeed did violate training and procedures of Harris County, that does not in and of itself, equate to violations of constitutional law as Harris County is not a source of constitutional standards. Failure to follow departmental directives is not a basis for imposition of a constitutional claim. *See Christiansen v. Eral*, 52 F.4th 377, 380 (8th Cir. 2022). *See also Tomlinson v. Dallas Area Rapid Transit*, 3:20-cv-3198, 2021 WL 1541601 at *2 (N.D. Tex. April 19, 2021). "[a] lack of compliance with state law or procedure does not, in and of itself, establish a constitutional violation" (citations and footnote omitted)).

5. **Speculation is insufficient to support liability**. Liability must come from the municipality's own act or omission. *Taylor v. Hartley*, 488 F.Supp.3d 517, 534-535 (S.D. Tex. 2020). Although Plaintiff alleges in Section B of her response that Harris County does not enforce its policies, in a contradictory concession in Section C, she chronicles

three pages of disciplinary highlights of Deputies Ribbe and Delgado. Her pleading is thus conclusory and insufficient as a matter of law. *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015).

6. Plaintiff has no factual support for the claim of inadequate training. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Proof of more than a single instance of lack of training causing a violation of constitutional rights is generally required before such lack can constitute deliberate indifference. *Estate of Davis ex rel v. City of North Richland Hills*, 406 F.3d 375, 381-821 (5th Cir. 2005). Without a pattern of constitutional violations, deliberate indifference can be inferred only in narrow and extreme circumstances like those of *Canton's* hypothetical such that "it should have been apparent to the policymakers that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Littell v. Houston Indep. Sch. Dist.* 894 F.3d 616, 627 (5th Cir. 2018). Plaintiff fails to meet such narrow and extreme circumstances.

7. Even if Plaintiff's Complaint adequately pleads a municipal policy or custom, it fails to allege facts which indicate that the alleged County policymaker acted with deliberate indifference to the alleged policy or custom, or facts which demonstrate that the alleged policy or custom was the "moving force" of the alleged constitutional violation.

8. Plaintiff further fails to plead a plausible claim of deliberate indifference. "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." *Estate of Davis,* 406 F.3d at 383 (5th Cir. 2005). A plaintiff therefore must demonstrate either actual or constructive knowledge of the custom or policy attributable either to the governing body or to an official who has been designated as a policymaker. *Bennett v. City of Slidell*, 735 F.2d 861 (5th Cir. 1984).

9. **Promises, Promises**. Plaintiff concedes the dearth of supporting facts and promises to do better if "discovery is allowed." *See* Response, final paragraph of Section II. " As Plaintiff will prove these allegations properly after discovery is allowed, this is sufficient to state a claim under the theories provided in each cause of action against Harris County." A pleading with nothing more than conclusions cannot "unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "After *Iqbal,* a plaintiff must allege specific facts [that are sufficient to adequately state a claim for relief] even if those facts are only within the head or hands of the defendants. The plaintiff may not use the discovery process to obtain those facts after filing suit." *See Soar Tools LLC v. Mesquite Oil Tools*, No. 5:19-cv-243, 2020 WL 5500238 at *8 (N.D. Tex. Sept. 11, 2020) (citing *New Albany Tractor, Inc. v. Louisville Tractor*, Inc., 650 F.3d 1046, 1051 (5th Cir. 2011); *accord Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014).

10. Finally, Plaintiff has alleged her best case and deserves no further opportunity to amend.

WHEREFORE PREMISES CONSIDERED, Defendant HARRIS COUNTY prays that this Court grant its Motion to Dismiss as to all of Plaintiff's claims against it, for a

final judgment of dismissal and for all other relief to which it is justly entitled.

Date:  February 28, 2024

                                            Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS

By:  */s/ James C. Butt*
**JAMES C. BUTT**
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
Phone:  (713) 274-5133 (direct)
james.butt@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT HARRIS COUNTY**

## CERTIFICATE OF SERVICE

I certify that, pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record:

Drew Willey
P.O. Box 2813
Houston, TX 77252
Email: drew@law-dw.com

Gregory Burnett
Assistant County Attorney
Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
gregory.burnett@harriscountytx.gov

                                              */s/ James C. Butt*
                                              James C. Butt