United States District Court
Southern District of Texas
**ENTERED**
September 05, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DEBORAH JONES-MACDONALD, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-02871 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

I have been reviewing the motion to dismiss briefing in this case, and I have some questions. "[T]he overarching lesson of the case law is that officers may act to diffuse a volatile situation, but may not aid the repossessor in such a way that the repossession would not have occurred but for their assistance." *Poteet v. Sullivan*, 218 S.W.3d 780, 789 (Tex. App.—Fort Worth 2007, pet. denied) (denying summary judgment on qualified immunity to officers who threatened homeowner with arrest and physically restrained him while his ex-girlfriend removed items from his property). With this case law in mind, I would like to have a hearing to discuss the following:

- Did Officers Ribbe and Delgado *create* a volatile situation by aiding in the civil repossession of Plaintiff's vehicle?

- Was Officers Ribbe's and Delgado's participation in the repossession of Plaintiff's vehicle unconstitutional?

- If yes, what effect does that have on the legality of their subsequent actions?

- What authority permits officers to physically remove a driver from their vehicle in a private parking lot?

The hearing will be at 2 pm on Friday, September 20, 2024 via Zoom. My case manager will email the parties the Zoom link, which is also available on my court webpage.

SIGNED this 5th day of September 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE