# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH JONES-MACDONALD, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:23-cv-2871 |
| | § | |
| RONALDO DELGADO, JR., | § | JURY TRIAL DEMANDED |
| CHARLES RIBBE | § | |
| (in their individual capacities), | § | |
| HARRIS COUNTY, TEXAS, | § | |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This Motion to Compel Discovery is brought by Deborah Jones-MacDonald, Plaintiff, in the above-styled action and Movant herein, who would show this Court the following:

## I.    INTRODUCTION

On December 11, 2024, Plaintiff's counsel, Mr. Drew Willey, sent Plaintiff's First set of Interrogatories, Requests for Admission, and Requests for Production to counsel for Defendants, Mr. Greg Burnett. He requested a two-week extension. Plaintiff's counsel agreed, and the response deadline was set for January 24, 2025.

On January 24, 2025, Defendants, by and through their attorney of record, served deficient Answers to Response to First set of Plaintiff's Interrogatories, Requests for Admission, and Requests for Production.

Plaintiff shows the Court that Defendant's unmerited noncompliance with the Federal Rules of Civil Procedure frustrates Plaintiff's discovery efforts, prevents effective trial preparation, and conceals relevant facts necessary for a fair trial.

The response is inadequate because all responsive documentation was not produced. Unfounded objections were made to certain requests for production of documents and

1

interrogatories. Those objections should be overruled and Defendants should be required to produce the requested documents.

## II.     FACTUAL BACKGROUND

Defendants' responses can be summarized as a blanket objection because the officer defendants do not know anything outside their singular offense report and they do not know of any information or documents that are being held by Harris County.

While many of the discovery requests do involve Harris County, the requested information is within the purview of the officer Defendants, and are relevant because they have claimed Qualified Immunity as a defense. To prevail on a Qualified Immunity defense, the officers must claim they did not know or should not have known that their actions were wrong. To refute this defense, Plaintiff has a right to request enough background information to verify what the officers knew or should have known – and that information is within the officers and their Harris County Attorney Office counsel's purview.

As their responses stand, Defendants are trying to baselessly prevent reasonable arguments to refute a defense of Qualified Immunity by claiming they have no access or knowledge of the information requested. They claim they have no ability to provide it, while continuing to be represented by the Harris County Attorney Office – an office who has already represented Harris County in this case.

In response to 89 requests for production, Defendants provided one 7-page offense report and 12 photographs.

After Plaintiff's counsel questioned the adequacy of this response, the Harris County Attorney Office claimed that Harris County is not their client, and they therefore, do not need to provide the discovery responses. Plaintiff's counsel can only surmise that Mr. Burnett is trying

to indicate that he personally does not represent the county, but the Harris County Attorney Office, the entity under which he is providing the defendants representation, is a singular entity that also represents Harris County in general, and has represented Harris County in this very case. Christian Menefee, the elected Harris County Attorney in charge of the singular office, is **one** attorney with supervisory responsibilities over both attorneys who were assigned to represent Harris County **and** individual officers. Yet, here, that **one** office is making inconsistent statements – on one hand representing the county to shield it from liability, and in the other hand, claiming to not represent the county to shield them from providing discovery responses.

The Harris County Attorney is trying to use Qualified Immunity as both a shield from liability and a sword to cut down our efforts of justice and reject any discovery responses for Ms. Jones-MacDonald. This is the same Harris County Attorney who was recently elected on a platform decrying Qualified Immunity.[1] This is the same office that has claimed what was done to Ms. Jones-MacDonald by the officers in this case is wrong[2], while also claiming that these officers have not done anything wrong.

The inconsistent statements being made in this case by the Harris County Attorney Office are:

We do represent Harris County; we do not represent Harris County.

We do not believe in Qualified Immunity; we do believe in Qualified Immunity.

Ms. Jones-MacDonald was mistreated; she was not mistreated.

Harris County has the information for discovery responses; Harris County's Attorney does not have the information for discovery responses.

---

[1] https://www.houstonchronicle.com/opinion/editorials/article/constables-civil-rights-accountability-19373016.php. ("'Courts have created nearly insurmountable hurdles for victims of police brutality and their families when their rights are violated,' Menefee told us.").

[2] See Dkt. 54, pg. 19, line 4-6.

It is a wonder how any citizen under the "protection" of Harris County could feel safe when its elected officials are willing to assert such blatant inconsistencies on a regular and systemic basis, and it is this kind of circular reasoning that has allowed Qualified Immunity to allow horrible injustices to go unchecked.[3]

Here, if Qualified Immunity remains a potential defense asserted by the Harris County Attorney Office, Plaintiff is allowed to refute it after **actual responses** to adequate discovery, or justice is nothing more than a campaign platform. Plaintiff believes this court respects notions of fairness and justice more than that, and prays it will order Defendants to adequately respond to our discovery requests.

## III.    <u>ARGUMENTS AND AUTHORITIES</u>

Discovery under the Federal Rules of Civil Procedure ("FRCP") allows a party to obtain information "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Specifically, the rules governing discovery have "been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A party may move to compel discovery if he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court considers "the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the limits imposed by

---

[3] See Dkt. 41-1, pg. 15-17.

Rule 26(b)(2)(C)." *Barnes v. D.C.*, 289 F.R.D. 1, 5-6 (D.D.C. 2012) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 350-52 (1978)).

FRCP 37 permits a party to move for an order compelling the answer to discovery requests and the production of responsive documents in accordance with FRCP 33 and 34. Rule 37 provides that a party may seek to compel discovery when, as here, a responding party fails to answer an interrogatory or refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Defendants' concealment of relevant facts constitutes noncompliance with the FRCP and prevents the effective use of the discovery process to allow for adequate trial preparation. In short, Plaintiff is unable to determine the facts that are at issue with the disregard that the Defendants have demonstrated through the discovery process.

Plaintiff requests this Honorable Court to order the Plaintiff to remove all objections asserted in the Defendants' Objections and Responses to Plaintiff's First Set of Requests for Production, Interrogatories, and Admissions.

Defendants have objected to almost all of Plaintiff's requests for production. Because the requested documents are relevant and the requests are within the scope of valid discovery, Plaintiff asks the court to compel the production of the documents in the attached discovery requests.

## IV.     <u>PRAYER FOR RELIEF</u>

For these reasons, Plaintiff asks the Court to set this motion for hearing and, after the hearing, to compel Defendants to file adequate responses to Plaintiff's discovery requests without delay.

By: *<u>/s/ Drew Willey</u>*
Drew Willey

5

SBN: 24093371
P.O. Box 30317
Houston, Texas 77249
713-739-9455 (p)
713-510-1950 (f)
drew@law-dw.com
ATTORNEY FOR PLAINTIFF