## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH JONES-MACDONALD, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:23-cv-2871 |
| | § | |
| RONALDO DELGADO, JR., | § | JURY TRIAL DEMANDED |
| CHARLES RIBBE | § | |
| (in their individual capacities), | § | |
| HARRIS COUNTY, TEXAS, | § | |
| *Defendants.* | § | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES,
### REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION

To: Ronaldo Delgado & Charles Ribbe, by and through their attorney, Gregory Burnett.

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Defendants are hereby requested to answer fully, separately, and under oath the following Interrogatories, Requests for Admission, and Requests for Production within thirty (30) days of service hereof. These Interrogatories, Requests for Admission, and Requests for Production shall be deemed continuing so as to require immediate and timely supplemental answers pursuant to the Federal Rules of Civil Procedure, any relevant court orders, and the request to supplement contained herein.

The documents are to be produced for inspection, examination, and copying in the office of Willey Law Firm, PLLC, 635 W. 19th St., Ste. 230, Houston, Texas, 77008 on January 10, 2025, at ten (10:00) o'clock a.m., organized as kept in the ordinary course of business and labeled to correspond to each particular Request for Production to which they respond.

Dated: December 11, 2024

1

Respectfully submitted,

By:*/s/ Drew Willey*
    Drew Willey
    Fed ID: 2513935
    SBN: 24093371
    P.O. Box 30317
    Houston, Texas 77249
    713-739-9455 (p)
    713-510-1950 (f)
    Drew@Law-DW.com
    ATTORNEY FOR PLAINTIFF

## <u>INSTRUCTIONS - INTERROGATORIES</u>

1.      Under the Federal Rules of Civil Procedure, Defendant is to answer fully, factually, in writing, and under oath each of the separate Interrogatories hereafter set out.

2.      All Interrogatories must be answered fully in writing in accordance with Rules 11 and 33 of the Federal Rules of Civil Procedure.

3.      Each Interrogatory shall be set forth immediately prior to the answer thereto.

4.      Interrogatories must be answered separately, signed, and verified by the person making them; the answers must be delivered to the undersigned attorney of record for Plaintiffs within thirty (30) days of service hereof.

## <u>INSTRUCTIONS - REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

1.      Each request for documents includes all physical documents and all electronically stored information.

2.      Documents or electronically stored information is extremely broad and includes writings, drawings, graphs, charts, photographs, images, sound recordings, and any other data or data compilations stored in any medium from which information can be obtained. For example, a document (or document family) would include a collection of pages or files produced manually or by a software application, constituting a logical single communication of information, but consisting of more than a single   stand-alone record. Examples include a fax cover, the faxed letter, and an attachment to the letter—the fax cover being the "Parent," and the letter and attachment being a "Child."

3.      "Electronically stored information" includes all information or data in a form other than paper, including any  information or data that is generated by use of a computer, computer system, or other electronic device and stored in a non-paper form, even if it was originally  in paper  form. The phrase includes, but is not limited to, e-mails and their attachments (including deleted e-mails), text messages and documents, spreadsheets, data bases, data compilations, graphics, photographs, images, audio recording,  video recordings and films, voicemail messages,  PDAs, and  mobile  phones/devices.

4.       "Metadata" is often described as "data about data" and can include the author, date the document was created, date the document was last modified, and modifications that were made to the document.

3

5.      "Native format" is the format of a file as it was created inside a computer software format. For example, documents generated in Microsoft Word have a ".doc" native format; documents generated in Microsoft Excel have an ".xls" native format. In contrast, conversion of a Word document to an image of "pdf" file and production of the resulting "pdf" file is not production in native format.

6.      Each document and disc with electronically stored information produced pursuant to this Request for Production is to be identified in such production by the specific number of the Request for Production with respect to which it is produced.

7.      If you claim any privilege, exemption, or immunity as a basis for withholding production of one or more documents, the response to the relevant Request shall state specifically the reasons for each such objection and shall identify specifically each document withheld based upon said privilege.

8.      Documents that are regularly maintained in a physically attached form to other documents (*e.g.,* stapled, bound, or clipped) are to be produced in their stapled, bound, clipped, or otherwise physically attached form.

## INSTRUCTIONS - REQUESTS FOR ADMISSION

1.      Please specifically state objection(s) to each Request.

2.      Each answer to each Request shall admit or deny specifically the matter, or set forth in detail the reason(s) why the answering party cannot truthfully admit or deny the matter.

3.      A denial must fairly respond to the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party must specify the part admitted and shall qualify or deny the rest.

4.      An answering party may assert lack of information or knowledge as a reason for failure to admit or deny only if the party states that a reasonable inquiry has been made and that the information known or readily obtainable by the party is insufficient to allow an admission or denial.

## SUPPLEMENTATION

1.      All discovery requests herein, including Interrogatories, Requests for Production, Requests for Admission, and the Disclosures made by Defendant are deemed continuing.  Defendant is

hereby requested to (and therefore must) supplement its answers if Defendant learns that an earlier answer or response is incomplete or incorrect in some material respect.

2.    Defendant is further requested to (and therefore must) supplement information included in any expert report subsequent hereto or given during an expert's deposition hereafter that is incomplete or incorrect.

3.    If Defendant expects to call an expert witness whose name and the subject matter have not been previously disclosed pursuant to Rule 26(a)(2), the disclosure must be supplemented pursuant to the terms of any applicable court orders and if no orders are applicable, supplemented and amended to include such information not less than ninety (90) days prior to trial, if not sooner.

## **<u>DEFINITIONS</u>**

As used in these Interrogatories, Requests for Admission and Requests for Production, the following words and terms shall mean and include:

1.    PERSON or PERSONS refer to natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, government entities and instrumentalities, or any other entity.

2.    COMMUNICATION or COMMUNICATIONS means written, typed, oral, and all electronic recordings.

3.    IDENTIFY OR IDENTITY OF, when referring:

(a)    to a person, means to state his or her full name, present or last known business or residential street address, city, state, and phone number:

(b)    to a public or private corporation, partnership, association, or other organization or to a governmental agency means to state its full name and present or last known pertinent business street address, city, state, and phone number;

(c)    to a document, means to give a reasonably detailed description thereof, including its title or name and the location and address where it is normally maintained; and

(e)    to any other tangible thing, means to give a reasonably detailed description thereof, and the location and address where it is normally maintained.

4.    The terms AND, OR, ANY, and ALL shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be

outside its scope.

5.      STATEMENT or STATEMENTS include written, typed, and oral communications.

6.      HARRIS COUNTY includes all county law enforcement persons, such as patrol officers, jail guards, medical personnel, mental health personnel, and other employees, agents, servants, predecessors-in-office, successors-in-office, and any person or entity acting in concert with any of them whether specifically indicated or not, including county commissioners, and other county elected officials.  This includes people who, in the course of their duty, work in administrative, managerial, or secretarial positions during the regular workday or perform similar functions in the other shifts (such as investigators, secretaries, dispatchers, bookkeepers, and the like).

7.      DEFENDANT, YOU, or YOUR refers to Defendant Harris County and Ronaldo Delgado and Charles Ribbe and all attorneys, agents and other person acting on its behalf.

8.      INCIDENT refers to the entire series of interactions that occurred on August 12, 2021 between Edward Taylor and Ronaldo Delgado and Charles Ribbe as alleged in Plaintiff's Complaint.

9.      MS. JONES-MACDONALD refers to Deborah Jones-MacDonald.

**REQUESTS FOR PRODUCTION**

POLICIES AND PROCEDURES

1.      Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the use of de-escalation tactics by law enforcements officers.

**RESPONSE:**

2.      Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the use of force by law enforcement officers.

**RESPONSE:**

3.      Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the use of law enforcements officers' cameras, including but not limited to jail cameras, body cameras and in-car cameras.

**RESPONSE:**

4.      Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the use of face punches, dragging by ankles, and placing knees and legs on people's backs by law enforcements officers.

**RESPONSE:**

5.      Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning law enforcements officers' involvement in actions of repossessing vehicles by private individuals or companies.

**RESPONSE:**

6.      Please produce all documents stating, reflecting, or evidencing every incident of a Harris County Sheriff's Office employee being involved in a vehicle repossession from August 12, 2019 – August 12, 2023.

**RESPONSE:**

7.      Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning law enforcements officers' seizure of property and/or person.

**RESPONSE:**

8.      Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the use of stickers on law enforcements officers' equipment – namely the use of stickers depicting "RoboCop" on county law enforcement equipment, including but not limited to computers, guns, personal radios, belt-equipment, and in-car equipment.

**RESPONSE:**

9.      Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning drafting and preparing use of force and other incident reports.

**RESPONSE:**

10.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the use of punches by law enforcement officers.

**RESPONSE:**

11.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the definition of assault on a peace officer and law enforcement officers' recognition of assault on a peace officer.

**RESPONSE:**

12.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the identification of racial bias, and the decisions to arrest historical minorities, including statistical data.

**RESPONSE:**

13.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the care of elderly citizens and decisions related to the arrest of elderly citizens, including any statistical data.

**RESPONSE:**

14.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning law enforcement officers' response to calls for service, including but not limited to, the amount of time required for responses to calls for service and the required individuals to respond to calls for service.

**RESPONSE:**

15.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning what constitutes a ***breach of the peace*** in the repossession of vehicles.

**RESPONSE:**

16.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning witness testimony constituting evidence of breach of peace, and when racial bias affects witness testimony as evidence.

**RESPONSE:**

17.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning investigations of incidents involving the use of force, including but not limited to de-escalation techniques.

**RESPONSE:**

18.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the measures in place to verify officer's reports.

**RESPONSE:**

19.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning disciplining officers for filing inaccurate or false reports.

**RESPONSE:**

20.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning disciplining officers excessive use of force.

**RESPONSE:**

21.     Please produce all documents stating, reflecting, or evidencing Harris County Sheriff's Office's policies, procedures, protocols and trainings in effect on August 12, 2021 concerning the transmission of follow-up information and incident investigations.

**RESPONSE:**

SPECIFIC ELECTRONIC RECORDINGS AND PHOTOGRAPHS

22.     Please produce all video recordings, audio recordings, and photographs of Ms. Jones-MacDonald in your possession and control.

**RESPONSE:**

23.     Please produce all MDTs and unit-to-unit communications from August 12, 2021 for Harris County Sheriff's Office.

**RESPONSE:**

24.     Please produce any and all off-line communications on August 12, 2021 for Harris County Sheriff's Office, including but not limited to, personal text messages, emails, or any other communication from Ronaldo Delgado and Charles Ribbe and any other officers or citizens present on the scene of the incident.

**RESPONSE:**

25.     Please produce all text messages from any phone owned or used by Ronaldo Delgado and Charles Ribbe from August 11, 2021 to February 11, 2022.

**RESPONSE:**

26.     Please produce any and all off-line communications from the incident resulting in Civil Action No. 4:23-cv-2871 for all units involved in that incident, including but not limited to, personal text messages, emails, or any other communication from Ronaldo Delgado and Charles Ribbe and any other officers or citizens present on the scene of the incident.

**RESPONSE:**

27.     Please produce all text messages from any phone owned or used by Ronaldo Delgado and Charles Ribbe from the date of the incident resulting in Civil Action No. 4:23-cv-2871.

**RESPONSE:**

28.     Please produce any and all off-line communications from the incident resulting in Civil Action No. 4:23-cv-2871 for all units involved in that incident, including but not limited to, personal text messages, emails, or any other communication from Ronaldo Delgado and Charles Ribbe and any other officers or citizens present on the scene of the incident.

**RESPONSE:**

29.     Please produce all text messages from any phone owned or used by Ronaldo Delgado and Charles Ribbe from the date of the incident resulting in Civil Action No. 4:23-cv-2871.

**RESPONSE:**

30.     Please produce all communications to or from Harris County Sheriff's Office's personnel concerning Ms. Jones-Macdonald.

**RESPONSE:**

RECORDS AND LOGS

31.     Please produce Defendants' shift start, check-in, shift end, and check-out logs for their shifts when the incident resulting in Civil Action No. 4:23-cv-2871 occurred.

**RESPONSE:**

32.     Please produce and separately identify all duty rosters from Harris County Sheriff's Office for August 12, 2021.

**RESPONSE:**

33.     Please produce a list of employees and contractors on duty in the Harris County Sheriff's Office on August 12, 2021.

**RESPONSE:**

34.     Please produce Ms. Jones-MacDonald's complete jail record.

**RESPONSE:**

35.     Please produce Ms. Jones-MacDonald's complete medical record.

**RESPONSE:**

COMMUNICATIONS

36.     Please produce all communications to or from the Harris County Commissioner's Court concerning Ms. Jones-MacDonald. This request specifically excludes documents that are subject to the attorney-client privilege.

**RESPONSE:**

37.     Please produce all communications to or from County Judge Lina Hidalgo concerning Ms. Jones-MacDonald. This request specifically excludes documents that are subject to the attorney-client privilege.

**RESPONSE:**

38.     Please produce all communications between Ronaldo Delgado and Charles Ribbe and any other officers on scene on August 12, 2021.

**RESPONSE:**

<u>PRIOR BAD ACTS</u>

39.     Please produce Harris County Sheriff's Office's applications for law enforcement accreditation from August 12, 2017 to August 12, 2021.

**RESPONSE:**

40.     Please produce documents that state, reflect, and evidence each incident of Harris County Sheriff's Officers' use of force from August 12, 2016 to August 12, 2021.

**RESPONSE:**

41.     Please produce all documents that state, reflect, and evidence each use of force incident involving Ronaldo Delgado and Charles Ribbe while under employment of any Harris County agency until and including August 12, 2021.

**RESPONSE:**

42.     Please produce documents that identify each and every person that use of force was used against by an officer of the Harris County Sheriff's Office from August 12, 2016 to August 12, 2021.

**RESPONSE:**

<u>CONSULTANT REPORTS</u>

43.     Please produce all consultant reports concerning the use of force and training regarding the use of force by any law enforcement officers in Harris County between August 12, 2016 to August 12, 2021.

**RESPONSE:**

44.     Please produce all consultant reports concerning de-escalation technique training between August 12, 2016 to August 12, 2021.

**RESPONSE:**

45.     Please produce all consultant reports concerning training regarding elements of an assault on a peace officer charge between August 12, 2016 to August 12, 2021.

**RESPONSE:**

46.     Please produce all consultant reports concerning training regarding preparation, drafting, and/or submission of use of force reports between August 12, 2016 to August 12, 2021.

**RESPONSE:**

<u>INVESTIGATIONS</u>

47.     Please produce all investigations into Ms. Jones-MacDonald in Defendant Harris County's possession.

**RESPONSE:**

48.     Please produce all incident reports related to Ms. Jones-MacDonald.

**RESPONSE:**

49.     Please produce all Defendant's requests for peer review reports related to the use of force against Ms. Jones-MacDonald.

**RESPONSE:**

50.     Please produce all Defendant's requests for quality management reports related to the use of force against Ms. Jones-MacDonald.

**RESPONSE:**

51.     Please produce all documents related to the investigation of Ms. Jones-MacDonald for the crime(s) with which she was charged from the incident leading to this lawsuit.

**RESPONSE:**

52.    Please produce all statements provided to Defendants and Harris County concerning Ms. Jones-MacDonald.

**RESPONSE:**

53.    Please produce any use of force report regarding Ms. Jones-MacDonald.

**RESPONSE:**

<u>DISCIPLINE</u>

54.    Please produce records evidencing all disciplinary actions taken by Harris County against county law enforcement personnel between August 12, 2016 and August 12, 2021 for the use of force against suspects and/or citizens.

**RESPONSE:**

55.    Please produce records evidencing all disciplinary actions taken by Harris County against county law enforcement personnel between August 12, 2016 and August 12, 2021 for the use of force against Black suspects and/or citizens.

**RESPONSE:**

56.    Please produce records evidencing all disciplinary actions taken by Harris County against county law enforcement personnel between August 12, 2016 and August 12, 2021 for the use of force against elderly suspects and/or citizens.

**RESPONSE:**

57.    Please produce records evidencing all disciplinary actions taken by Harris County against county law enforcement personnel between August 12, 2016 and August 12, 2021 for improper preparing, drafting, and/or submitting use of force reports.

**RESPONSE:**

58.    Please produce records evidencing all disciplinary actions taken by Harris County against county law enforcement personnel between August 12, 2016 and August 12, 2021 for improperly arresting or charging someone for assault on a peace officer.

**RESPONSE:**

59.    Please produce records evidencing all disciplinary actions taken by Harris County against county law enforcement personnel between August 12, 2016 and August 12, 2021 for failing to employ de-escalation techniques.

**RESPONSE:**

<u>MISCELLANEOUS</u>

60.     Please produce all documents given to Ms. Jones-MacDonald by Defendant(s).

**RESPONSE:**

61.     Please produce the entire record from the State of Texas' prosecution(s) against Ms. Jones-MacDonald.

**RESPONSE:**

62.     Please produce all transcripts from any hearings, court settings, or trials regarding any criminal prosecution of Ms. Jones-MacDonald.

**RESPONSE:**

63.     Please produce all testimony from any case, criminal or civil, regarding the incident resulting in Civil Action No. 4:23-cv-2871.

**RESPONSE:**

64.     Please produce all notes from any investigation of this incident.

**RESPONSE:**

65.     Please produce all notes from any investigation of the incident resulting in Civil Action No. 4:23-cv-2871.

**RESPONSE:**

66.     Please produce all communications between Ronaldo Delgado and Charles Ribbe and any prosecutors, state investigators, or any other law enforcement officials about this incident.

**RESPONSE:**

67.     Please produce all communications between Ronaldo Delgado and Charles Ribbe and any prosecutors, state investigators, or any other law enforcement officials about the incident resulting in Civil Action No. 4:23-cv-2871.

**RESPONSE:**

68.    Please produce all written statements by Ronaldo Delgado and Charles Ribbe about the incident resulting in Civil Action No. 4:23-cv-2871.

**RESPONSE:**

69.    Please produce all documents generated by Harris County regarding Ms. Jones-MacDonald.

**RESPONSE:**

70.    Please produce any and all transcripts of Ronaldo Delgado and Charles Ribbe's testimony in your possession, custody or control, including but not limited to transcripts and/or recordings of their testimony in ALR hearings.

**RESPONSE:**

71.    Please produce any and all use of force reports written by Ronaldo Delgado and Charles Ribbe from August 12, 2016 to August 12, 2021.

**RESPONSE:**

72.    Please produce any and all offense reports written by Ronaldo Delgado and Charles Ribbe from August 12, 2016 to August 12, 2021.

**RESPONSE:**

73.    Please produce the complete disciplinary records for any Harris County Sherriff's Office employee from August 12, 2016 to August 12, 2021.

**RESPONSE:**

<u>JAIL RECORDS</u>

74.    Please produce all jail records, including but not limited to booking records, classifications, transfers, release paperwork, regarding Ms. Jones-MacDonald.

**RESPONSE:**

75.    Please produce all jail internal communications regarding Ms. Jones-MacDonald, including but not limited to emails, letters, and radio traffic.

**RESPONSE:**

<u>INSURANCE</u>

76.     Please produce all insurance agreement(s) under which an insurance company may be liable to satisfy all or part of a possible judgment in this case.

**RESPONSE:**

77.     Please produce all insurance agreement(s) under which an insurance company may indemnify or reimburse Defendant(s) for all or part of a possible judgment in this case.

**RESPONSE:**

78.     Please produce all documents reflecting the suspension, termination, or modification of insurance coverage for constitutional violations (alleged or proven) that occurred in Harris County between August 12, 2011 and August 12, 2021.

**RESPONSE:**

<u>TRAINING</u>

79.     Please produce all documents stating, reflecting, or evidencing the manner in which Defendant trains its law enforcement officers to comply with recommendations concerning treatment of suspects and citizens.

**RESPONSE:**

80.     Please produce all documents stating, reflecting, or evidencing the manner in which Defendant trains its law enforcement officers to comply with recommendations concerning treatment of Black suspects and citizens.

**RESPONSE:**

81.     Please produce all documents stating, reflecting, or evidencing the manner in which Defendant trains its law enforcement officers to comply with recommendations concerning treatment of elderly suspects and citizens.

**RESPONSE:**

<u>OFFICER BACKGROUND</u>

82.     Please produce all documents pertaining to Ronaldo Delgado and Charles Ribbe's background and experience, including but not limited to training records, class records, TCELOSE

records, prior work experience, employment application with Harris County Sheriff's Office, notes from any interviews, any disciplinary investigations, results, and actions taken.

**RESPONSE:**

83.    Please produce all documents pertaining to the background and experience of any officer present at the scene of this incident, including but not limited to training records, class records, TCELOSE records, prior work experience, employment application with Harris County Sheriff's Office, notes from any interviews, any disciplinary investigations, results, and actions taken.

**RESPONSE:**

84.    Please produce any documents pertaining to any excessive force lawsuit, complaint, or IAD investigation against Ronaldo Delgado and Charles Ribbe from August 12, 2011 to August 12, 2021.

**RESPONSE:**

85.    Please produce any documents pertaining to any time Ronaldo Delgado and Charles Ribbe or any other officer on scene of this incident seized a person or property from August 12, 2011 to August 12, 2021.

**RESPONSE:**

86.    Please produce any documents pertaining to any time Ronaldo Delgado and Charles Ribbe or any other officer on scene of this incident arrested someone for assault on a peace officer from August 12, 2011 to August 12, 2021.

**RESPONSE:**

87.    Please produce any documents pertaining to any time Ronaldo Delgado and Charles Ribbe or any other officer on scene of this incident arrested someone for resisting arrest from August 12, 2011 to August 12, 2021.

**RESPONSE:**

88.    Please produce any documents pertaining to any excessive force lawsuit, complaint, or IAD investigation against any officer present at this incident from August 12, 2011 to August 12, 2021.

**RESPONSE:**

89.     Please produce any documents pertaining to any excessive force lawsuit, complaint, or IAD investigation against any officer present at the incident resulting in Civil Action No. 4:23-cv-2871 from August 12, 2011 to August 12, 2021.

**RESPONSE:**

**INTERROGATORIES**

1.     Please describe in detail the reasons Ms. Jones-MacDonald person and property were seized, had force used against her, and was arrested.

**RESPONSE:**

2.     Please describe in detail all steps taken by Harris County and its personnel, if any, to prevent the use of force, illegal seizure of her property and person, and unlawful arrest against Ms. Jones-MacDonald.

 **RESPONSE:**

3.     Please describe in detail all steps that Harris County has taken to prevent escalation, illegal seizure of property and person, unreasonable or excessive use of force, unlawful arrests for assault on a peace officer, and the falsification in drafting and submission of offense and use of force reports. This question is temporally limited to the time period of August 12, 2011 to August 12, 2021.

**RESPONSE:**

4.     Please state and describe the terms of all policies or procedures concerning Harris County Sherriff's Office de-escalation, legality of seizure of property and person, the reasonable use of force, definition of assault on a peace officer, basis for lawful arrests, and drafting and submission of use of force reports. This question is temporally limited to the time period of August 12, 2011 to August 12, 2021.

**RESPONSE:**

5.     Please state and describe in detail any evaluation of Ronaldo Delgado and Charles Ribbe's complaints and allegations of violations and how Harris County has or will address such complaints and allegations.

**RESPONSE:**

6.    Please state and describe in detail any current investigation or discipline actions taken against Ronaldo Delgado and Charles Ribbe.

**RESPONSE:**

7.    Please state whether Harris County contends that there are any other persons or entities that are or might be wholly or partially liable to Plaintiff for any of Plaintiff's claims in this suit, including but not limited to the use of force against Ms. Jones-MacDonald, and, if so, please identify all such persons and entities and state in general the factual bases and the legal theories for such contention by Harris County.

**RESPONSE:**

8.    Please describe the training provided by Harris County to its law enforcement officers personnel concerning de-escalation, legality of seizure of property and person, the reasonable use of force, definition of assault on a peace officer, basis for lawful arrests, and drafting and submission of use of force reports.

**RESPONSE:**

9.    Please identify each person that had force used against them, has their person or property seized, or was arrested for assault on a peace officer or resisting arrest by an employee of Harris County Sheriff's Office between August 12, 2016 and August 12, 2021 and describe in general the facts and circumstances relating to each incident.

**RESPONSE:**

<u>REQUESTS FOR ADMISSION</u>

1.    Admit or deny that on August 12, 2021 Harris County Sheriff's Office had no written policies, protocols or procedures regarding the use of de-escalation.

**RESPONSE:**

2.    Admit or deny that on August 12, 2021 Harris County Sheriff's Office had no unwritten policies, protocols or procedures regarding the use of de-escalation.

**RESPONSE:**

3.    Admit or deny that on August 12, 2021 Harris County Sheriff's Office had no written policies, protocols or procedures about what constitutes assault on a peace officer.

**RESPONSE:**

4.      Admit or deny that on August 12, 2021 Harris County Sheriff's Office had no unwritten policies, protocols or procedures about what constitutes assault on a peace officer.

**RESPONSE:**

5.      Admit or deny that on August 12, 2021 Harris County Sheriff's Office had no written policies, protocols or procedures regarding the reasonable use of force.

**RESPONSE:**

6.      Admit or deny that on August 12, 2021 Harris County Sheriff's Office had no unwritten policies, protocols or procedures regarding the reasonable use of force.

**RESPONSE:**

7.      Admit or deny that on August 12, 2021 Harris County Sheriff's Office had no written policies, protocols or procedures regarding the preparation, drafting, and/or submission of use of force reports.

**RESPONSE:**

8.      Admit or deny that on August 12, 2021 Harris County Sheriff's Office had no unwritten policies, protocols or procedures regarding the preparation, drafting, and/or submission of use of force reports.

**RESPONSE:**

9.      Admit or deny that Harris County's written policies, protocols, or procedures were not violated by Ronaldo Delgado and Charles Ribbe on August 12, 2021.

**RESPONSE:**

10.     Admit or deny that that Harris County does not require officers to complete a use-of-force report for every instance of physical force used during an arrest.

**RESPONSE:**

11.     Admit or deny that one or more of Harris County's written policies, protocols or procedures were violated by Ronaldo Delgado and Charles Ribbe on August 12, 2021.

**RESPONSE:**

12.    Admit or deny that Ms. Jones-MacDonald received the highest degree of protection from harm that Harris County has to offer.

**RESPONSE:**

13.    Admit or deny that Ms. Jones-MacDonald did not receive the highest degree of protection from harm that Harris County has to offer.

**RESPONSE:**

14.    Admit or deny that on August 12, 2021, Ronaldo Delgado and Charles Ribbe aided in the repossession of Ms. Jones-MacDonald's car.

**RESPONSE:**

15.    Admit or deny that Officers Delgado and Ribbe received no specific training on the legality of assisting in private repossessions of vehicles.

**RESPONSE:**

16.    Admit or deny that on August 12, 2021, Ronaldo Delgado and Charles Ribbe used force against Ms. Jones-MacDonald.

**RESPONSE:**

17.    Admit or deny that on August 12, 2021, Ronaldo Delgado and Charles Ribbe used unreasonable force against Ms. Jones-MacDonald.

**RESPONSE:**

18.    Admit or deny that on August 12, 2021, Ronaldo Delgado and Charles Ribbe used excessive force against Ms. Jones-MacDonald.

**RESPONSE:**

19.    Admit or deny that on August 12, 2021, Ronaldo Delgado and Charles Ribbe used reasonable force against Ms. Jones-MacDonald.

**RESPONSE:**

20.    Admit or deny that on August 12, 2021, Ronaldo Delgado and Charles Ribbe did not employ de-escalation tactics towards Ms. Jones-MacDonald.

**RESPONSE:**

21.    Admit or deny that on August 12, 2021, Ronaldo Delgado and Charles Ribbe did employ de-escalation tactics towards Ms. Jones-MacDonald.

**RESPONSE:**

22.    Admit or deny that Ronaldo Delgado and Charles Ribbe filled out a use of force report regarding this incident with Ms. Jones-MacDonald.

**RESPONSE:**

23.    Admit or deny that Ronaldo Delgado and Charles Ribbe testified regarding this incident with Ms. Jones-MacDonald.

**RESPONSE:**

24.    Admit or deny that throughout the incident and any subsequent actions regarding the incident, Ronaldo Delgado and Charles Ribbe was in conformance with Harris County policies and procedures.

**RESPONSE:**

25.    Admit or deny that throughout the incident and any subsequent actions regarding the incident, Ronaldo Delgado and Charles Ribbe was not in conformance with Harris County policies and procedures.

**RESPONSE:**

26.    Admit or deny that Harris County Sheriff's Office personnel have not been subject to disciplinary action between August 12, 2011 and August 12, 2021 for failing to comply with Harris County's policies, procedures, customs, protocols, or training concerning the reasonable use of force.

**RESPONSE:**

27.    Admit or deny that Harris County Sheriff's Office personnel have not been subject to disciplinary action between August 12, 2011 and August 12, 2021 for failing to comply with Harris County's policies, procedures, customs, protocols, or training concerning de-escalation tactics.

**RESPONSE:**

28.    Admit or deny that Harris County Sheriff's Office personnel have not been subject to disciplinary action between August 12, 2011 and August 12, 2021 for failing to comply with Harris County's policies, procedures, customs, protocols, or training concerning what constitutes legal seizure of person.

**RESPONSE:**

29.    Admit or deny that Harris County Sheriff's Office personnel have not been subject to disciplinary action between August 12, 2011 and August 12, 2021 for failing to comply with Harris County's policies, procedures, customs, protocols, or training concerning what constitutes legal seizure of property.

**RESPONSE:**

30.    Admit or deny that Harris County Sheriff's Office personnel have not been subject to disciplinary action between August 12, 2011 and August 12, 2021 for failing to comply with Harris County's policies, procedures, customs, protocols, or training concerning assault on a peace officer charges.

**RESPONSE:**

31.    Admit or deny that Harris County Sheriff's Office personnel have not been subject to disciplinary action between August 12, 2011 and August 12, 2021 for failing to comply with Harris County's policies, procedures, customs, protocols, or training concerning the preparation, drafting, and/or submission of use of force reports.

**RESPONSE:**

32.    Admit or deny that on August 12, 2021, Ms. Jones-MacDonald did not use force against Ronaldo Delgado and Charles Ribbe.

**RESPONSE:**

33.    Admit or deny that on August 12, 2021, Ms. Jones-MacDonald did not threaten Ronaldo Delgado and Charles Ribbe.

**RESPONSE:**

34.    Admit or deny that on August 12, 2021, Ms. Jones-MacDonald did not assault Ronaldo Delgado and Charles Ribbe.

**RESPONSE:**

35.    Admit or deny that on August 12, 2021, Ms. Jones-MacDonald did not attack Ronaldo Delgado and Charles Ribbe.

**RESPONSE:**

36.    Admit or deny that as of August 12, 2021, Ronaldo Delgado and Charles Ribbe had not

received the maximum amount of training required to afford Ms. Jones-MacDonald protection against unreasonable use of force.

**RESPONSE:**

37.     Admit or deny that prior to August 12, 2021 Defendant did not teach its law enforcement officers to comply with the reasonable use of force.

**RESPONSE:**

**CERTIFICATE OF SERVICE**

Counsel for Defendants has been served with a copy of the foregoing in accordance with the law.

***/s/ Drew Willey***