| | |
|---|---|
| From: Gregory Burnett | Drew Willey |
| Gregory.Burnett@harriscountytx.gov | Drew@law-dw.com |

February 5, 2025

To: Judge Andrew Edison

### Joint Letter Requesting Court Discovery Conference in Case No. 4:23-cv-2871

Mr. Willey's position and summary of discovery meeting:

I held an out-of-court discovery discussion with Mr. Burnett on February 4, 2025 at 11:00AM via zoom. The result of the meeting was our conflicts were not resolved necessitating a conference with this honorable court. I summarized Mr. Burnett's objections as largely falling under two categories. 1) The individual officers are not in possession of the documents I have requested. 2) Relevance.

Regarding the first, I tried to ask Mr. Burnett if the officers were in control of the documents requested. Mr. Burnett declined to answer my question, stating inconsistencies about whether he believed they are in control, and at one point asking me if I believed the officers were in control of the documents. I responded of course I do. I tried to use the officers' individual employee files as the clearest example of a document that these officers could produce. Mr. Burnett said the officers are not in possession of those documents – but he was not saying that they are not in control of their own employee files. He stated that if I wanted those files, he was sure someone would respond to a subpoena request from me for those files. Mr. Burnett repeatedly stated that the best way for me to get those files were to subpoena them, but acknowledged that another attorney in his office would likely handle objections to any subpoena I would file – he even said it would likely be Mr. Butt, the attorney from his office who previously represented Harris County in this case. When I asked again whether they were in control of the documents, he declined to answer me and merely stated that Harris County was in control of the documents.

Mr. Burnett repeatedly stated that he personally represented only the officers, and did not represent Harris County. I asked him whether he had a conflict wall established on this case between himself and any other attorney in the office representing Haris County. He refused to answer. He said that their office has their reasons on why different attorneys represent different parties, but refused to tell me whether they have established a conflict wall for the individual officers in this case. I told him that I believed the reason they do this is to avoid liability, and he said that was not the reason. He stated that he did not assert that a conflict wall exists. He did state directly that if Harris County were still in the case, then my discovery requests would be sent to Mr. Butt who would be responding to them. But as of now, because Harris County is out of the case, I must subpoena the requested documents from Harris County. I asked him whether his office would oppose that subpoena and he declined to answer.

Regarding the second objection to relevance, I told him I believed everything I have requested is relevant because the officers are asserting Qualified Immunity, so everything that the officers knew or should have known, and any trainings, policies, and prior incidents surrounding these officers in the county where they work would be relevant to their Qualified Immunity defense. Mr. Burnett said he disagreed – that it did not matter what was in the heads of the officers at the

1

time or what they knew, that it only mattered what a reasonable officer would do in that circumstance. I brought up the prior hearing when Mr. Burnett repeatedly claimed that what was relevant was what the officers believed in their heads in the moment of this incident. I stated that applying the reasonable officer in their shoes standard made their surrounding agency's policies, history, and practices relevant. Mr. Burnett said he disagreed and refused to discuss that matter further. I left the meeting unclear about whether their position on the relevance objection is that it does or does not matter what the officers knew or what a reasonable officer in their circumstance would have done – or how either of those positions would make my discovery requests irrelevant.

Mr. Burnett's summary of discovery meeting and Defendants' argument:

During the conference, Mr. Willey expressed his opinion that Harris County Attorney's Office (HCAO) has control and custody of all county documents. I explained to Mr. Willey that HCAO does not have custody and control of the County Departments records. Mr. Willey then stated an attorney with the HCAO, regardless of who the assistant county attorney represents in the matter, should be able to obtain and produce County documents. I informed Mr. Willey that was not accurate and depends on who is the client. I reiterated that I only represent the individual defendants in this case and those individuals are not in possession, custody, or control of the requested documents. I informed Mr. Willey that the documents he requested were Harris County Sheriff's Department Records and given that the County was no longer a party to this lawsuit, he would need to submit a subpoena for those records to the County. I informed Mr. Willey that if he decided to issue the subpoena, I would not be the attorney responding to the subpoena on behalf of the County and didn't know which assistant county attorney would be assigned to handle the subpoena request. I stated that since Mr. Butt represented the County in this case, the subpoena may possibly be assigned to him but wasn't sure if that would be the case.

Defendants Ribbe and Delgado are not in possession or custody of the records Plaintiff requested. Defendants made objections to several of the Plaintiff's discovery requests for various reasons noted in the Defendants' discovery responses. Mr. Willey didn't bother to confer on each request that was objected to by the Defendants, nor was Mr. Willey particularly interested in subpoenaing the records from Harris County.

Many of the Plaintiff's discovery requests to the individual defendants are *Monell* in nature. The *Monell* claim has already been dismissed by this Court. The requested information is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Many of the requests are outside the scope of discovery as they are not "proportional to the needs of the case," considering the importance of the information in resolving the issues and whether its burden outweighs its benefit. Fed. R. Civ. P. 26(b)(1). As such, the requests are impermissible, burdensome, and a speculative fishing expedition. See *Crosby v. La. Health Service & Indemnity Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

For these reasons, we request a discovery conference be set with the court as soon as possible. Thank you,

Gregory Burnett & Drew Willey