**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DEBORAH JONES-MACDONALD, § | | |
| *Plaintiff,* § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 4:23-cv-2871 |
| § | | |
| ROLANDO DELGADO, JR., § | | JURY TRIAL DEMANDED |
| CHARLES RIBBE § | | |
| (in their individual capacities), § | | |
| HARRIS COUNTY, TEXAS, § | | |
| *Defendants.* § | | |

### PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS AGAINST DEFENDANT'S COUNSEL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Plaintiff **Deborah Jones-MacDonald** ("Plaintiff") respectfully moves this Court pursuant to **Federal Rule of Civil Procedure 11** to impose sanctions on Defendants' counsel for knowingly making **false contentions** in their discovery responses. In support, Plaintiff shows the following:

### I. INTRODUCTION

Federal Rule of Civil Procedure 11(b) requires that attorneys certify that submissions to the court are:
1. **Not presented for an improper purpose**, such as harassment or delay.
2. **Legally warranted** by existing law or by a **non-frivolous argument** for its modification or reversal.
3. **Factually supported** or likely to be supported after further investigation.

Defendant's counsel has **violated Rule 11(b)(3)** by making submissions that knowingly **misrepresent the factual record** to mislead this Court. These actions **warrant sanctions** under Rule 11(c).

### II. DEFENDANT'S COUNSEL MADE KNOWINGLY FALSE FACTUAL CONTENTIONS (RULE 11(b)(3))

Rule 11 prohibits attorneys from submitting factual claims that **lack evidentiary support**. Defendant's counsel violated **Rule 11(b)(3)** by falsely representing the facts regarding their client's control, care, and custody of items requested to be produced. In their objections and in presentation to the court in a discovery conference on February 6, 2025, Defendant's counsel asserted that their clients did not have control of certain documents requested – namely, that they did not have access to their employee and personnel files or policies of the Harris County Sheriff Office. During

depositions of both officer defendants, they testified under oath that they could request for access and copies of these documents. Defendants' claim that they do not have control of requested documents is thus **false and misleading**.

### III. SANCTIONS REQUESTED

Because Defendant's counsel has **violated Rule 11(b)(3)** by making **factually false** submissions to this court, Plaintiff respectfully requests the following **sanctions under Rule 11(c)**:

1. **Monetary Sanctions** in the amount of $11,959.50 to deter Defendant's counsel from further misconduct.[1]
2. **An Order Requiring Defendant's Counsel to Show Cause** why further sanctions should not be imposed for their repeated misrepresentations to this Court.
3. **Any further relief this Court deems just and necessary.**

Pursuant to **Rule 11(c)(2) ("safe harbor" provision)**, Plaintiff served this motion on Defendant's counsel **21 days before filing**, providing an opportunity to withdraw or correct their filings. Defendant's failure to correct the misrepresentations necessitates this Court's intervention.

### IV. CONCLUSION

Defendant's counsel has engaged in **egregious violations of Rule 11** by making submissions to opposing counsel and this court that are knowingly false. Such conduct **undermines the integrity of judicial proceedings** and must be addressed. Accordingly, Plaintiff **respectfully requests that this Court impose Rule 11 sanctions** against Defendant's counsel to deter further misconduct.

Respectfully submitted,

By: */s/ Drew Willey*
Drew Willey
FIN: 2513935
SBN: 24093371
P.O. Box 30317
Houston, Texas 77249
713-739-9455 (p)
713-510-1950 (f)

---

[1] Plaintiff's counsel made clear that these false representations would create significant extra attorney time and legal expenses. Counsel's estimation of these additional legal expenses because of Defendants' counsel's misrepresentations amount to a total of $11,959.50 (reviewing objections – 1 hr.; Prepare Motion to Compel Discovery – 6 hrs.; preparing and conducting Discovery conference with opposing counsel – 1.5 hrs.; letter requesting discovery hearing – 1 hr.; discovery hearing time including preparation and debrief with client - .5 hrs; deposition time on questions related to misleading statements - .25 hrs.; deposition expense for additional questions - ~ $150; drafting and issuing subpoenas – 2 hrs.; subpoena service fees - $196.50).

>drew@law-dw.com
>ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **Motion for Rule 11 Sanctions** was served on Defendant's counsel of record via email on **February 19, 2025**, affording him 21 days to correct or rescind the statements under the safe harbor provision, and he refused to do so. This motion is being served on all counsel of record by electronic filing on March 18, 2025.

**/s/ Drew Willey**
Drew Willey