# Exhibit 10

Chart of Willis Statements Compared to This
Court's Opinion, Fact, and Law

### Exhibit 10: Willis Statements vs. Law and Court Findings

This chart summarizes key statements made by Sgt. Willis and compares them with binding case law and this Court's findings.

| Statement | Willis's Statement | Legal and Factual Rebuttal |
|---|---|---|
| 1 | Ms. Jones-MacDonald was actively resisting by not complying with verbal commands to exit the vehicle, holding on to the steering wheel of her vehicle, and telling officers to let her go. Willis Dep. at 00:55:16-00:57:02. | This Court found her conduct to be passive resistance. She had no obligation to obey unlawful commands. Case law including *Hanks v. Rogers* and *Deville v. Marcantel* confirms that remaining in a vehicle or not following unclear commands is passive and does not justify force. Dkt. 49 at 12, 15. |
| 2 | "Whether you like it or not, you don't have the right to resist a police officer." Willis Dep. At 00:55:16–00:55:57. | "[N]o reasonable officer could have believed that Plaintiff was in violation of failing to follow a deputy's instruction because no instruction was given. Ribbe and Delgado both eventually shouted at Plaintiff to get out of her vehicle as they struggled with her. But **Plaintiff was under no obligation to obey those commands because they were not lawful orders.** Dkt. 49 at 12-13. |
| 3 | Officers didn't need to verify the legality of the repossession since it was a disturbance call. Also, HCSO does not get involved in verifying the legality of a tow, due to that being a civil law matter, and officers are not supposed to verify the legality of a tow. Willis Dep. At 00:48:56–00:50:03. | The Court found the officers affirmatively intervened in a disputed repossession. Law prohibits police from enabling self-help repossessions over objection. Dkt. 49 at 8–10; *Marcus*, 394 F.3d at 819; *Poteet*, 218 S.W.3d at 789. |
| 4 | Because the car was being repossessed, Ms. Jones-MacDonald no longer owned it and she was trespassing in it. Willis Dep. at 00:51:02–00:53:02. | The Court held Plaintiff had a lawful right to object by entering her vehicle. Under *Hensley v. Gassman*, her objection terminated the Repo Man's right to proceed and he was breaching the peace. Dkt. 49 at 9–10; 693 F.3d 681, 692 (6th Cir. 2012). |
| 5 | If Plaintiff refused to exit the vehicle, officers were justified in using force, including punching her and slamming her knees. Willis Dep. at 00:58:00–01:02:58. | The Court found excessive force was used. Case law clearly establishes that force against a non-fleeing, non-arrested person sitting in her car is unconstitutional. *Darden v. City of Fort Worth*, 880 F.3d 722, 732 (5th Cir. 2018); Dkt. 49 at 14–16. |