UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH JONES-MACDONALD, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-02871 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Plaintiff Deborah Jones-MacDonald brings this civil rights action against Harris County Deputies Ronaldo Delgado and Charles Ribbe, alleging that she suffered personal injuries as a result of an August 13, 2021 encounter with them. Before me is Non-Party Harris County's Opposed Motion to Seal. *See* Dkt. 116. Harris County seeks to seal Delgado's and Ribbe's internal affairs histories, which have been submitted as exhibits in connection with a motion for leave to file an amended complaint. *See* Dkt. 115. Harris County argues that the Texas Local Government Code deems these records confidential and mandates their sealing. Because federal law governs the sealing of judicial records in federal civil rights cases, and because Harris County has failed to overcome the strong federal common law presumption of public access, the motion is denied.

"The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). "The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). The public's right of access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its

fairness." *Id.* (quotation omitted). Accordingly, the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). To be sure, there are limited circumstances in which it is appropriate to seal certain information. But that is, without a doubt, the exception rather than the rule. To decide whether something should be sealed, a district court must undertake a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (citation modified).

The internal affairs histories at issue reference alleged incidents of misconduct involving Delgado and Ribbe. Harris County argues that two provisions of the Texas Local Government Code prohibit the public disclosure of these internal affairs histories. First, Harris County points to § 143.1214(b), which provides that a law enforcement agency shall maintain all documents relating to a charge of misconduct against a law enforcement officer. *See* Tex. Loc. Gov't Code § 143.1214(b). This provision allows the release of such information in certain limited situations, none of which are applicable here. *See id.* Second, Harris County relies on § 143.089(g), which allows a law enforcement agency to maintain a personnel file on a law enforcement officer, but prohibits the release of any information contained in the personnel file "to any agency or person requesting information relating to a . . . [law enforcement] officer." Tex. Loc. Gov't Code § 143.089(g).

The Fifth Circuit has held that state statutes providing for confidentiality, like the Texas Local Government Code provisions referenced by Harris County, do not bind this court in a civil rights action. *See Am. Civ. Liberties Union of Miss., Inc. v. Finch*, 638 F.2d 1336, 1342 (5th Cir. Mar. 1981) (holding that a Mississippi statute sealing state agency records did not create an evidentiary privilege compelling respect by a federal court). That is because "[e]xcept with respect to an element of a claim or defense as to which State law supplies the rule of decision,

privileges shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." *Id.* (quotation omitted). "When a litigant seeks to assert a privilege not existent in the common law but enacted by the state legislature based on unique considerations of government policy," a district court must "balanc[e] the policies behind the privilege against the policies favoring disclosure." *Id.* at 1343.

I am convinced that the federal common law presumption of public access to judicial records outweighs the state law policies behind any privilege for law enforcement records. In reaching this conclusion, I find particularly persuasive Judge Susan Hightower's reasoning in *Roque v. Harvel*, a case analyzing whether personnel records deemed confidential under § 143.089(g) should be disclosed in a civil rights action. No. 1:17-cv-932, 2019 WL 5265292, at *9 (W.D. Tex. Oct. 16, 2019). Judge Hightower noted in *Roque* that "there is a special danger in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged." *Id.* (quotation omitted). Although Texas law provides an interest in confidentiality, Judge Hightower concluded that such an interest does not overcome the federal presumption of public access. *See id.* ("[T]he statutory privilege in [§] 143.089 . . . inhibits public access to evidence that may be relevant to alleged unlawful conduct of state actors, whether that evidence is incriminating or exculpatory.") I agree with Judge Hightower. There is a profound public interest in a case involving allegations of law enforcement misconduct. That public interest outweighs any interest in keeping officers' personnel records under wraps.

Other than arguing that the Texas Local Government Code automatically prohibits disclosure of the internal affairs histories, Harris County offers no reason why the documents should be kept from public view. I take seriously the Fifth Circuit instruction that district courts be "ungenerous with their discretion to seal judicial records." *Le*, 990 F.3d at 418. Given the strong presumption in favor of public access, and no countervailing reason to protect the documents from

disclosure, I deny Harris County's request to seal Delgado's and Ribbe's internal affairs histories. Accordingly, the Clerk is instructed to unseal Dkt. 115 and the exhibits attached as Dkts. 115-1 and 115-2.

SIGNED this 15th day of October 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE