**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DEBORAH JONES-MACDONALD, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:23-cv-2871 |
| | § | |
| ROLANDO DELGADO, JR., | § | JURY TRIAL DEMANDED |
| CHARLES RIBBE | § | |
| (in their individual capacities), | § | |
| HARRIS COUNTY, TEXAS, | § | |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER [DKT. 124]

Pursuant to Federal Rules of Civil Procedure 59(e), Plaintiff Deborah Jones-MacDonald, through undersigned counsel, hereby requests that this Court reconsider part of its Order entered in Dkt. 124 regarding Plaintiff's Motion for Leave to File Amended Complaint to Add Harris County as a Defendant and Reconsider Dismissing Harris County (hereinafter "Motion for Leave") for unconsidered evidence resolving an uncontested fact that a policymaker was identified and knew of the constitutional and policy failures in this case.

### I.    STANDARD OF REVIEW

Under Rule 59(e) of the Federal Rules of Civil Procedure, this Court has discretion to amend an order to correct a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). The Court has considerable discretion to do so under Rule 59(e), and must balance the need to bring litigation to an end with the need to render just decisions based on all the facts available to the court. *Id*. at 479; *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That obligation is increased "when the judgment, absent amendment, creates

or results in a manifest injustice." 12 James Wm. Moore et al., Moore's Federal Practice ย 59.30[5]

[a][v] (Matthew Bender 3d ed. 2003).

## II.    ARGUMENT

Ms. Jones-MacDonald respectfully requests that this Court reconsider its order denying Plaintiff's Motion for Leave to File Amended Complaint to Add Harris County as a Defendant and Reconsider Dismissing Harris County (Dkt. 124). Specifically, this Court denied Plaintiff's Motion "because Plaintiff [had] not identified a policymaker who can be held responsible for enforcing a policy of non-supervision." Dkt. 124 at 14. This Court found that "Plaintiff [offered] no facts that would establish Sheriff Gonzalez' actual or constructive knowledge of an unwritten policy of providing no supervision or correction for officer misconduct." *Id*.

This finding, however, mistakenly disregards the fact that Plaintiff cited, in her original and amended complaints and Motion for Leave, a demand letter which established the identified policymaker, Sheriff Ed Gonzalez, as having actual knowledge of the custom of (non)supervision which Plaintiff alleges. *See* Dkt. 1 at ¶63, 100, 113; Dkt. 21 at ¶200-203, 206, 216, 259, 272*; Dkt. 100, Ex. 1. It is clear from these pleadings that "Sherriff Ed Gonzalez knew about [the incidents giving rise to Ms. Jones-MacDonald's complaint] from a demand letter sent to him, the County Attorney Office, and the Commissioners Court before the filing of this suit in June 2023." Dkt. 21 at 25 ¶200. This Court's failure to consider all the evidence available on the record is a manifest, clear error of fact and thus its order should be reversed. Had we been granted a hearing on this issue, counsel could have easily directed the Court to this evidence that has been in the record for the entirety of the case. To disallow *Monell* liability solely over a faulty policymaker rationale that has not been contested shuts the courthouse doors and rightful ability to recover damages from Harris County to Black drivers on roadways who encounter excessive force at the hands of Harris

County's failure to supervise, like Plaintiff in this case.

**1.  Plaintiff properly alleged a policymaker having actual and constructive knowledge of a custom of non-supervision**

To state a claim for municipal liability under §1983, a plaintiff must allege an (1) official policy or custom, (2) that a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Customs are included in §1983 claims because of the "persistent and widespread discriminatory practices of state officials… Although not authorized by written law…could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id*. at 691. Such a custom does not have to receive formal approval through official decision-making channels. *Id*.

Additionally, "a local government's decision not to train certain employees about their legal duty to avoid violating citizen's rights may rise to the level of an official government policy for the purposes of §1983." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). A municipality's failure to train must amount to deliberate indifference to the constitutional rights of those whom the untrained employees come into contact with. *Id*. Deliberate indifference can be shown when city policymakers are on actual or constructive notice that deficient training causes employees to violate citizen's constitutional rights but chooses to continue a lack of supervision. A city's inaction despite notice is "the functional equivalent of a decision by the city itself to violate the constitution." *Id*. at 61-62 *quoting City of Canton v. Harris*, 489 U.S. 378, 394-395 (1989).

Plaintiff cited, in her original and amended complaints and Motion for Leave, a demand letter which established the identified policymaker, Sheriff Ed Gonzalez, as having actual knowledge of the custom of (non)supervision, ratification, and failure to train which Plaintiff alleges.  *See* Dkt. 1 at ¶63, 100, 113; Dkt. 21 at ¶200-203, 206, 216, 259, 272*;* Dkt. 100, Ex. 1.

Additionally, in his duties as Harris County Sherrif, knowledge of this incident is conferred upon Sheriff Ed Gonzalez from the IAD investigation and findings (made before Plaintiff sent her demand letter) which clearly demonstrate the custom of failure to supervise and shielding Harris County officers from their illegal actions.[1]

The existence of this demand letter, included as an exhibit to Plaintiff's Motion for Leave, and the IAD findings, prove that Ed Gonzalez was aware that the custom of non-supervision and deficient training in Harris County Sheriff's Office resulted in the violation of the constitutional rights of Harris County's citizens by Harris County employees since at least June 30, 2023, but did nothing. This inaction, despite clear notice, is "the functional equivalent of a decision by [Harris County] itself to violate the constitution." *See Connick*, 563 U.S. at 61-62.

In fact, Plaintiff's demand letter clearly states, "Harris County is subject to *Monell* liability due to its policy, procedure, custom, practice, or protocol of inadequately training, supervising, and/or disciplining its officers concerning constitutionally reasonably de-escalation techniques, reasonable use of force techniques, and drafting and preparing use of force and other incident reports; shielding its officers from the consequences of illegal and/or improper conduct; permitting its officers to perform illegal and/or improper conduct; and ratifying officer's illegal and/or improper conduct." Dkt. 100 Ex. 1 at 2.

While Plaintiff's Motion for Leave did not focus on Ed Gonzalez as a policymaker, ___**as this issue has never been contested by Defendants**___, Plaintiff's demand letter (attached as an exhibit to the Motion for Leave) and First Amended Complaint (referenced within Plaintiff's Motion for

---

[1] Notably, Ed Gonzalez was named in 2020 as a policymaker with knowledge of Harris County's failure to train and discipline its officers for use of excessive force in *Coucke v. Harris County* (which later settled), thus showing that Ed Gonzalez was aware of the same custom which later resulted in Ms. Jones-MacDonald's injuries. *Coucke v. Harris County Texas*, 4:20-cv-00766 at Doc. 40 ¶41-42, 46, 52 (S.D. Tex.).

Leave) both explain and put this fact on record, and should have been considered by this Court in coming to its conclusion.

Furthermore, Plaintiff's Motion for Leave was based on the discovery of new evidence, namely the emails and findings by Harris County's Internal Affairs Department (hereinafter "Harris County IAD") related to the constitutional violations which gave rise to Plaintiff's First Amended Complaint. The newly discovered emails, finding that Defendants Delgado and Ribbe acted "within policy," were sent between Harris County IAD and Harris County's Office of Inspector General on August 20, 2021. *See* Dkt. 100 at 6. The newly discovered Harris County IAD findings were made on November 15, 2022. *See* Dkt. 100 at 6.

These emails and findings by Harris County IAD had already been made, prior to Ed Gonzalez receiving Plaintiff's demand letter, and show that Ed Gonzalez had actual knowledge that the custom of non-supervision and failure to train in Harris County Sheriff's Office resulted in the violation of the constitutional rights of Ms. Jones-MacDonald. This was mistakenly not considered by this Court when it found that Plaintiff had not properly identified a policymaker with actual knowledge of Harris County's custom of non-supervision and failure to train (a custom of which Ed Gonzalez knew had resulted in Harris County employees violating the constitutional rights of citizens).

For the foregoing reasons, this Court seems to have mistakenly neglected the clear facts on record demonstrating Ed Gonzalez's actual knowledge, unless it intended to suggest that a policymaker must be aware of an incident *contemporaneously*. However, if this were the case, it would render *Monell* claims unavailable to virtually anyone abused by government actors. *See Connick*, 563 U.S. at 63n.7 ("contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the cit[y] and the opportunity to conform to

constitutional dictates'"). Therefore, this Court should reconsider its finding that Plaintiff did not properly identify a policymaker with actual knowledge.

## 2. All remaining elements of *Monell* have been satisfied

Having identified the policymaker, Plaintiff's Motion for Leave also is sufficient for an amended complaint to survive a motion to dismiss for the remaining elements of *Monell*. We are not at the summary judgment phase of this claim, and our motion is seeking merely a survival of the claims as pled.[2] Plaintiff identified that the newly discovered emails and findings by Harris County IAD, despite the numerous policy violations that could have been found, paired with the evidence of larger, systemic non-supervision, clearly demonstrated a pattern and custom of shielding its officers from illegal conduct, approving such illegal conduct, and ratifying clearly constitutional acts. *See* Dkt. 100 *see also* Dkt. 100 at 18 ("*forty-seven percent of Black drivers* [in Harris County are] *subjected to force resulting in injury*") (emphasis added). This is not simply "an amalgamation of bad and unwise acts," but a clear pattern and custom on part of Harris County. The injuries that Black drivers, including Ms. Jones-MacDonald, in Harris County face are a "highly predictable consequence of [Harris County's] failure to train" and supervise. *See Valle v. City of Hous.*, 613 F.3d 536, 549 (5th Cir. 2010).

This, also given that Plaintiff has identified a policymaker with actual knowledge, this Court's order, absent reconsideration, would result in a manifest injustice. Harris County citizens, particularly its Black drivers, will be subjected to countless more injuries if the court cannot be relied upon to find municipal liability where it is so clear that a policymaker had actual knowledge

---

[2] Plaintiff has not filed a completed Amended Complaint on this particular claim for judicial economy and to avoid overloading the Court on multiple fronts and litigation phases, as the Court's local rules express a strong desire to prevent wasteful pleadings. (e.g., if a drafted Amended Complaint had included Sgt. Willis claims that were disallowed, the draft would need to be redone anyway). If the Court would like a drafted Amended Complaint to aid in its reconsideration of the ruling on the Motion for Leave, we would be happy to oblige.

of an adopted custom which was the moving force behind a constitutional injury. If Harris County continues to fail to train and supervise its employees, despite knowledge that their failure to train has been resulting in constitutional injuries, the natural result will be further constitutional injuries.

Further, the demand letter that put Ed Gonzalez on notice to the customs at issue and the constitutional injuries that resulted, if accepted as true, is enough to survive dismissal of the claim against Harris County. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (finding that, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Ettinoffe v. Sheikh*, No. 4:21-CV-02646, 2022 U.S. Dist. LEXIS 182151 at *7 (S.D. Tex. Oct. 4, 2022) (finding that, where it is alleged that the policymaker had constructive knowledge of the use of force because the use of force was frequent, prevalent, and widely known, this prong weighs in favor of a *Monell* claim surviving a motion to dismiss).

Allowing this claim to move forward to discovery will allow Plaintiff to affirmatively prove Harris County's liability, or at the very least, be able to properly present her case to a jury. *See Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 842-43 (S.D. Tex. 2011) ("[i]n the context of municipal liability, as opposed to individual officer liability, it is exceedingly rare that a plaintiff will have access to (or personal knowledge of) specific details regarding the existence of absence of internal policies or training procedures prior to discovery. Accordingly, only minimal factual allegations should be required at the motion to dismiss stage."). Therefore, this Court's reconsideration is in the interest of justice.

### III.    CONCLUSION

Considering the foregoing, Ms. Jones-MacDonald respectfully requests that this Court reconsider its order denying her Motion for Leave to File Amended Complaint to Add Harris County as a Defendant and Reconsider Dismissing Harris County. The Court should partially reverse its previous order and grant Plaintiff leave to amend her complaint to add Harris County as a Defendant.

Respectfully submitted,

By: **/s/ Drew Willey**
    Drew Willey
    SBN: 24093371
    P.O. Box 30317
    Houston, Texas 77249
    713-739-9455 (p)
    713-510-1950 (f)
    drew@law-dw.com
    ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I, Drew Willey, certify by my signature below that on January 5, 2026, the foregoing **MOTION FOR PARTIAL RECONSIDERATION OF ORDER [DKT. 124]** was electronically filed with this Court, which constitutes service on Filing Users.

*/s/ Drew Willey*

### CERTIFICATE OF CONFERENCE

On December 29, 2025, counsel for Plaintiff conferred via electronic mail with James C. Butt on Harris County's position of this motion. Mr. Butt replied that he was "not in the case as counsel for a party so your conference with me is not necessary." Mr. Burnett has not replied to my position request as of the date of this filing. Therefore, it is presented to the Court for consideration.

*/s/ Drew Willey*