**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DEBORAH JONES-MACDONALD, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-02871 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# CHARGE OF THE COURT

**MEMBERS OF THE JURY:**

## General Instructions

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Burden of Proof—Preponderance of the Evidence**

Plaintiff, Ms. Deborah Jones-MacDonald, has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Ms. Jones-MacDonald has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence, you believe that witness.

## Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Law-Enforcement Officer Testimony

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

## Each Defendant and Each Claim Considered Separately

Ms. Jones-MacDonald asserts unreasonable seizure and excessive force against Deputy Ronaldo Delgado, and she asserts unreasonable seizure and excessive force against Deputy Charles Ribbe. You must consider each claim against each defendant separately. A finding as to Deputy Ribbe is not a finding as to Deputy Delgado, and a finding as to Deputy Delgado is not a finding as to Deputy Ribbe. Likewise, a finding as to unreasonable seizure is not a finding as to excessive force, and a finding as to excessive force is not a finding as to unreasonable seizure.

## 42 U.S.C. Section 1983 Unlawful Seizure and Excessive Force

Ms. Jones-MacDonald claims that Deputy Delgado violated her constitutional right to be free from unreasonable seizure and to be free from the use of excessive force during an arrest. To recover damages for these alleged constitutional violations against Deputy Delgado, Ms. Jones-MacDonald must prove by a preponderance of the evidence that:

1. Deputy Delgado committed an act that violated the constitutional rights Ms. Jones-MacDonald claims were violated; and
2. Deputy Delgado's act was the cause of Ms. Jones-MacDonald's damages.

Ms. Jones-MacDonald claims that Deputy Ribbe violated her constitutional

right to be free from unreasonable seizure and to be free from the use of excessive force during an arrest. To recover damages for these alleged constitutional violations against Deputy Ribbe, Ms. Jones-MacDonald must prove by a preponderance of the evidence that:

1. Deputy Ribbe committed an act that violated the constitutional rights Ms. Jones-MacDonald claims were violated; and

2. Deputy Ribbe's act was the cause of Ms. Jones-MacDonald's damages.

### Unreasonable Seizure

The first right that Ms. Jones-MacDonald claims Deputy Delgado and Deputy Ribbe violated is the Fourth Amendment right to be protected from an unreasonable seizure of her person and her property. To establish this claim, Ms. Jones-MacDonald must show that each officer's seizure of her person was unreasonable and that each officer's seizure of her vehicle was unreasonable.

A seizure of someone's person is considered unreasonable under the Fourth Amendment if the officer lacked reasonable suspicion that the seized person was committing a crime. "Reasonable suspicion" means the officer can point to specific and articulable facts that reasonably warrant the inference that a particular person is committing a crime. Even if reasonable suspicion exists, the seizure must be brief, minimally intrusive, and reasonably related in scope to the justification for its initiation.

The reasonableness of the seizure must be judged based on what a reasonable officer would do under the circumstances and does not consider the officer's state of mind. To help you determine whether Deputy Delgado or Deputy Ribbe had reasonable suspicion to seize Ms. Jones-MacDonald, I will now instruct you on the elements of the crimes of which they claim to have had reasonable suspicion.

The first crime is the crime of theft. The elements of theft are: a person, with the intent to deprive the owner of property, unlawfully appropriates that property, without the effective consent of the owner.

The second crime is the crime of unauthorized use of a vehicle. The element of unauthorized use of a vehicle are: that the suspect operated a motor-propelled vehicle, that the suspect knew they were operating the vehicle, and that the suspect did so without the permission of the owner.

If you find that Ms. Jones-MacDonald has proved by a preponderance of the evidence that an officer lacked reasonable suspicion to seize her on August 13,

2021, then that officer's seizure of Ms. Jones-MacDonald's person was presumptively unreasonable and you must consider whether that officer was acting as a community caretaker when he seized Ms. Jones-MacDonald. I will explain community caretaking shortly. If Ms. Jones-MacDonald failed to show that an officer lacked reasonable suspicion when he seized her, then that officer's seizure of Ms. Jones-MacDonald's person was constitutional, and your verdict will be for that officer on Ms. Jones-MacDonald's claim for the unreasonable seizure of her person.

A seizure of property occurs whenever there is some meaningful interference with an individual's possessory interest in that property. Generally, seizures conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable, subject to a few exceptions. One such exception is the community caretaking exception.

If you find that Ms. Jones-MacDonald has proved by a preponderance of the evidence that an officer interfered with her possessory interest in her vehicle on August 13, 2021, then that officer's seizure of Ms. Jones-MacDonald's vehicle was presumptively unreasonable and you must consider whether that officer was acting as a community caretaker when he seized Ms. Jones-MacDonald's vehicle. I will explain community caretaking shortly. If Ms. Jones-MacDonald failed to show that an officer interfered with her possessory interest in her vehicle, then that officer's seizure of Ms. Jones-MacDonald's vehicle was constitutional, and your verdict will be for that officer on Ms. Jones-MacDonald's claim for the unreasonable seizure of her vehicle.

An officer is allowed to seize a person without reasonable suspicion, and to seize property without a warrant, if the officer was acting as a community caretaker. "Community caretaking" refers to actions taken in the interest of public welfare that are unrelated to the investigation or detection of criminal activity. Where an officer lacked reasonable suspicion that the seized person was committing a crime, or lacked a warrant to seize property, it is the officer who bears the burden of proving that he was acting as a community caretaker.

An officer claiming that he was acting as a community caretaker when he seized a person without reasonable suspicion, or seized property without a warrant, must show that his initial seizure was reasonably related to a community caretaking function and that the procedures he employed in conducting that seizure were reasonable. Thus, if you find that an officer lacked reasonable suspicion when he seized Ms. Jones-MacDonald's person, then that officer must show by a preponderance of the evidence that his initial seizure of Ms. Jones-MacDonald's person was reasonable and that he conducted that seizure reasonably. Likewise, if you find that an officer interfered with Ms. Jones-MacDonald's possessory interest in her vehicle, then that officer must prove by a

preponderance of the evidence that his initial seizure of Ms. Jones-MacDonald's vehicle was reasonable and that he conducted that seizure reasonably.

If an officer proves by a preponderance of the evidence that his seizure of Ms. Jones-MacDonald's person was reasonably related to a community caretaking function and that he conducted the seizure reasonably, then that officer did not violate Ms. Jones-MacDonald's constitutional right to be free from unreasonable seizure, and your verdict will be for that officer on Ms. Jones-MacDonald's claim for the unreasonable seizure of her person. Likewise, if an officer proves by a preponderance of the evidence that his seizure of Ms. Jones-MacDonald's vehicle was reasonably related to a community caretaking function and that he conducted the seizure reasonably, then that officer did not violate Ms. Jones-MacDonald's constitutional right to be free from the unreasonable seizure of her property, and your verdict will be for that officer on Ms. Jones-MacDonald's claim for the unreasonable seizure of her vehicle. If you find that an officer has failed to prove by a preponderance of the evidence that his seizure of Ms. Jones-MacDonald's person or vehicle was reasonably related to a community caretaking function or that he conducted the seizure reasonably, then your verdict will be for Ms. Jones-MacDonald on her claim for the unreasonable seizure of her person or vehicle, and you must then consider whether that officer is entitled to qualified immunity for that claim, which is a bar to liability that I will explain later.

**Excessive Force**

Ms. Jones-MacDonald claims Deputy Delgado and Deputy Ribbe each violated the Fourth Amendment by using excessive force in stopping and arresting her on August 13, 2021. The Constitution prohibits the use of unreasonable or excessive force while making a stop or an arrest, even when the stop or the arrest is otherwise proper. To prevail on a Fourth Amendment excessive-force claim, Ms. Jones-MacDonald must provide the following by a preponderance of the evidence:

1. an injury; and
2. that the injury resulted directedly from the use of force that was excessive to the need; and
3. that the excessiveness of the force was objectively unreasonable.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Ms. Jones-MacDonald's right to be protected from excessive force against the government's right to use some degree of physical coercion or threat of coercion to make a stop or an arrest. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the

severity of the crime at issue, whether Ms. Jones-MacDonald posed an immediate threat to the safety of the officers or others, and whether she was actively resisting or attempting to evade arrest.

Finally, as with the other rights I have discussed, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on a particular defendant's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must consider the fact that officers are sometimes forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

As to Deputy Delgado, if you find that Ms. Jones-MacDonald has proved by a preponderance of the evidence that the force used was objectively unreasonable, then Deputy Delgado violated Ms. Jones-MacDonald's Fourth Amendment protection from excessive force and you must then consider whether Deputy Delgado is entitled to qualified immunity, which is a bar to liability that I will explain later. If Ms. Jones-MacDonald failed to show that the force used was objectively unreasonable, then the force was not unconstitutional, and your verdict will be for Deputy Delgado on the excessive-force claim.

As to Deputy Ribbe, if you find that Ms. Jones-MacDonald has proved by a preponderance of the evidence that the force used was objectively unreasonable, then Deputy Ribbe violated Ms. Jones-MacDonald's Fourth Amendment protection from excessive force and you must then consider whether Deputy Ribbe is entitled to qualified immunity, which is a bar to liability that I will explain later. If Ms. Jones-MacDonald failed to show that the force used was objectively unreasonable, then the force was not unconstitutional, and your verdict will be for Deputy Ribbe on the excessive-force claim.

## Qualified Immunity

As to each claim for which Ms. Jones-MacDonald has proved each essential element, you must consider whether the defendant is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is Ms. Jones-MacDonald's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the seizure of Ms. Jones-MacDonald's person or the force used against her were lawful in light of clearly established law and the information the officer possessed at the time. But an officer is not entitled to qualified immunity if, at the time of his actions, a reasonable officer with the same information could not have believed that his actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law on August 13, 2021, was that individuals have a constitutional right to be free from unreasonable seizure. A seizure is unreasonable when an officer lacks reasonable suspicion of criminal activity and the officer's conduct does not fall within a recognized exception to the reasonable-suspicion requirement.

If, after considering the scope of discretion and responsibility generally given to deputies in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to a deputy at the time Ms. Jones-MacDonald was seized, you find that Ms. Jones-MacDonald failed to prove that no reasonable deputy could have believed that the seizure was lawful, then that deputy is entitled to qualified immunity, and your verdict must be for that deputy on those claims. But if you find that a deputy violated Ms. Jones-MacDonald's constitutional right to be free from unlawful seizure and that deputy is not entitled to qualified immunity as to that claim, then your verdict must be for Ms. Jones-MacDonald on her unreasonable seizure claim against that deputy.

Regarding Ms. Jones-MacDonald's excessive force claim, the clearly established law on August 13, 2021, was that individuals have a constitutional right to be free from unreasonable or excessive force. Officers may consider a person's refusal to comply with instructions in assessing whether physical force is needed to effectuate compliance. However, officers must assess not only the need for force, but also the relationship between the need and the amount of force used. The degree of force an officer uses must be justifiable under the circumstances. Relevant considerations regarding what amount of force is justifiable include whether the officers engaged in negotiation before resorting to force, whether anyone's safety is endangered, and whether the person is attempting to flee. An officer violates the Fourth Amendment if he abruptly resorts to overwhelming physical force rather than continuing verbal negotiations with an individual who poses no immediate threat or flight risk, who engages in, at most, passive resistance, and whom the officer stopped for a minor violation.

If, after considering the scope of discretion and responsibility generally given to deputies in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to a deputy on August 13, 2021, you find that Ms. Jones-MacDonald failed to prove that no

reasonable deputy could have believed that the force used against her was lawful, then that deputy is entitled to qualified immunity, and your verdict must be for that deputy on those claims. But if you find that a deputy violated Ms. Jones-MacDonald's constitutional right to be free from unreasonable or excessive force and that deputy is not entitled to qualified immunity as to that claim, then your verdict must be for Ms. Jones-MacDonald on her excessive force claim against that deputy.

## Consider Damages Only If Necessary

If Ms. Jones-MacDonald has proved her claim against a deputy by a preponderance of the evidence, you must determine the damages to which Ms. Jones-MacDonald is entitled. You should not interpret the fact that I am giving instructions about Ms. Jones-MacDonald's damages as an indication in any way that I believe that Ms. Jones-MacDonald should, or should not, win this case. It is your task first to decide whether Deputy Delgado or Deputy Ribbe is liable. I am instructing you on damages only so that you will have guidance in the event you decide that one or both deputies are liable and that Ms. Jones-MacDonald is entitled to recover money from Deputy Delgado or Deputy Ribbe.

## Compensatory Damages

If you find that either defendant is liable to Ms. Jones-MacDonald, then you must determine an amount that is fair compensation for all of Ms. Jones-MacDonald's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Ms. Jones-MacDonald whole—that is, to compensate Ms. Jones-MacDonald for the damage that she has suffered. Compensatory damages are not limited to expenses that Ms. Jones-MacDonald may have incurred because of her injury. If Ms. Jones-MacDonald wins, she is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that she has suffered because of a deputy's wrongful conduct.

You may award compensatory damages only for injuries that Ms. Jones-MacDonald proves were proximately caused by a deputy's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Ms. Jones-MacDonald's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Ms. Jones-MacDonald has actually suffered or that she is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand,

the law does not require that Ms. Jones-MacDonald prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

**Emotional Distress:** To recover compensatory damages for mental and emotional distress, Ms. Jones-MacDonald must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Ms. Jones-MacDonald must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

**Nominal Damages:** Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of her rights has occurred, but the plaintiff has suffered no actual loss or injury.

If you find from a preponderance of the evidence that Ms. Jones-MacDonald sustained a technical violation of her constitutional right to be free from unreasonable seizure or excessive force, but that Ms. Jones-MacDonald suffered no actual loss because of this violation, then you may award Ms. Jones-MacDonald nominal damages.

## Punitive Damages

If you find that Deputy Delgado or Deputy Ribbe is liable for Ms. Jones-MacDonald's injuries, you must award Ms. Jones-MacDonald the compensatory damages that she has proved. You may also award punitive damages if you find that Deputy Delgado or Deputy Ribbe acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Ms. Jones-MacDonald has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Ms. Jones-MacDonald has been made whole by compensatory damages, so punitive damages should be awarded only if a deputy's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. the reprehensibility of the deputy's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether the deputy's conduct was motivated by a desire to augment profit;

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by Ms. Jones-MacDonald or with which Ms. Jones-MacDonald was threatened;

3. the possible criminal and civil sanctions for comparable conduct.

## Deliberations

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You

must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

You may discuss the case with other jurors only when you are all together in the jury room. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not use your phone or any other electronic device during your deliberations for any reason.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any questions.

## QUESTION NO. 1

Do you find that Ms. Jones-MacDonald has proved by a preponderance of the evidence that Deputy Delgado unreasonably seized her person on August 13, 2021?

Answer "Yes" or "No."

Answer: NO

If you answered "Yes" to Question 1, then answer Question 2. Otherwise, do not answer Question 2.

## QUESTION NO. 2

With respect to the conduct that you found in Question 1, did Ms. Jones-MacDonald prove by a preponderance of the evidence that no reasonable officer could have believed that Deputy Delgado's seizure of Ms. Jones-MacDonald's person was lawful in light of clearly established law.

Answer "Yes" or "No."

Answer: ___________

If you answered "Yes" to both Question 1 and Question 2, then answer Question 3. Otherwise, do not answer Question 3.

## QUESTION NO. 3

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ms. Jones-MacDonald for her damages, if any, that resulted from Deputy Delgado's conduct that you found in Question 1?

Consider the following elements of damage, if any, and none other.

Do not add any amount for interest on damages, if any.

If you answered "Yes" to Question 1 and Question 2, but you find that there are no damages, then you must award nominal damages.

**Answer in dollars and cents for damages, if any.**

(1) Physical pain and mental anguish

**Answer: $**_______________

## QUESTION NO. 4

Do you find that Ms. Jones-MacDonald has proved by a preponderance of the evidence that Deputy Delgado unreasonably seized her vehicle on August 13, 2021?

Answer "Yes" or "No."

Answer: Yes

If you answered "Yes" to Question 4, then answer Question 5. Otherwise, do not answer Question 5.

## QUESTION NO. 5

With respect to the conduct that you found in Question 4, did Ms. Jones-MacDonald prove by a preponderance of the evidence that no reasonable officer could have believed that Deputy Delgado's seizure of Ms. Jones-MacDonald's vehicle was lawful in light of clearly established law.

Answer "Yes" or "No."

Answer: Yes

If you answered "Yes" to both Question 4 and Question 5, then answer Question 6. Otherwise, do not answer Question 6.

## QUESTION NO. 6

If you answered "Yes" to Question 4 and Question 5, then you must award nominal damages for Deputy Delgado's conduct that you found in Question 4. State the amount of nominal damages that you award.

**Answer: $**__1________

## QUESTION NO. 7

Do you find that Ms. Jones-MacDonald has proven by a preponderance of the evidence that Deputy Delgado used excessive force against Ms. Jones-MacDonald in violation of her federal constitutional rights on August 13, 2021?

Answer "Yes" or "No."

Answer: NO

If you answered "Yes" to Question 7, then answer Question 8. Otherwise, do not answer Question 8.

## QUESTION NO. 8

With respect to the conduct that you found in Question 7, did Ms. Jones-MacDonald prove by a preponderance of the evidence that no reasonable officer could have believed that Deputy Delgado's use of force against of Ms. Jones-MacDonald was lawful in light of clearly established law.

Answer "Yes" or "No."

Answer: ___________

If you answered "Yes" to both Question 7 and Question 8, then answer Question 9. Otherwise, do not answer Question 9.

## QUESTION NO. 9

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ms. Jones-MacDonald for her damages, if any, that resulted from Deputy Delgado's conduct that you found in Question 7?

Consider the following elements of damage, if any, and none other.

Do not add any amount for interest on damages, if any.

If you answered "Yes" to both Question 7 and Question 8, but you find that there are no damages, then you must award nominal damages.

**Answer in dollars and cents for damages, if any.**

(1) Physical pain and mental anguish

**Answer: $**____________________

If you answered Question 3, Question 6, or Question 9 for Deputy Delgado, then answer Question 10. Otherwise, do not answer Question 10.

## QUESTION NO. 10

Do you find it appropriate to award punitive damages against Deputy Delgado for the violation of Ms. Jones-MacDonald's constitutional rights?

Answer "Yes" or "No."

Answer: NO

## QUESTION NO. 11

Do you find that Ms. Jones-MacDonald has proved by a preponderance of the evidence that Deputy Ribbe unreasonably seized her person on August 13, 2021?

Answer "Yes" or "No."

Answer: NO

If you answered "Yes" to Question 11, then answer Question 12. Otherwise, do not answer Question 12.

## QUESTION NO. 12

With respect to the conduct that you found in Question 11, did Ms. Jones-MacDonald prove by a preponderance of the evidence that no reasonable officer could have believed that Deputy Ribbe's seizure of Ms. Jones-MacDonald's person was lawful in light of clearly established law.

Answer "Yes" or "No."

Answer: ___________

If you answered "Yes" to both Question 11 and Question 12, then answer Question 13. Otherwise, do not answer Question 13.

## QUESTION NO. 13

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ms. Jones-MacDonald for her damages, if any, that resulted from Deputy Ribbe's conduct that you found in Question 11?

Consider the following elements of damage, if any, and none other.

Do not add any amount for interest on damages, if any.

If you answered "Yes" to Question 11 and Question 12, but you find that there are no damages, then you must award nominal damages.

**Answer in dollars and cents for damages, if any.**

(1) Physical pain and mental anguish

**Answer: $**________________

## QUESTION NO. 14

Do you find that Ms. Jones-MacDonald has proved by a preponderance of the evidence that Deputy Ribbe unreasonably seized her vehicle on August 13, 2021?

Answer "Yes" or "No."

Answer: Yes

If you answered "Yes" to Question 14, then answer Question 15. Otherwise, do not answer Question 15.

## QUESTION NO. 15

With respect to the conduct that you found in Question 14, did Ms. Jones-MacDonald prove by a preponderance of the evidence that no reasonable officer could have believed that Deputy Ribbe's seizure of Ms. Jones-MacDonald's vehicle was lawful in light of clearly established law.

Answer "Yes" or "No."

Answer: Yes

If you answered "Yes" to both Question 14 and Question 15, then answer Question 16. Otherwise, do not answer Question 16.

## QUESTION NO. 16

If you answered "Yes" to Question 14 and Question 15, then you must award nominal damages for Deputy Ribbe's conduct that you found in Question 14. State the amount of nominal damages that you award.

**Answer: $**1

## QUESTION NO. 17

Do you find that Ms. Jones-MacDonald has proven by a preponderance of the evidence that Deputy Ribbe used excessive force against Ms. Jones-MacDonald in violation of her federal constitutional rights on August 13, 2021?

Answer "Yes" or "No."

Answer: No

If you answered "Yes" to Question 17, then answer Question 18. Otherwise, do not answer Question 18.

## QUESTION NO. 18

With respect to the conduct that you found in Question 17, did Ms. Jones-MacDonald prove by a preponderance of the evidence that no reasonable officer could have believed that Deputy Ribbe's use of force against of Ms. Jones-MacDonald was lawful in light of clearly established law.

Answer "Yes" or "No."

Answer: ___________

If you answered "Yes" to both Question 17 and Question 18, then answer Question 19. Otherwise, do not answer Question 19.

## QUESTION NO. 19

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Ms. Jones-MacDonald for her damages, if any, that resulted from Deputy Ribbe's conduct that you found in Question 17?

Consider the following elements of damage, if any, and none other.

Do not add any amount for interest on damages, if any.

If you answered "Yes" to both Question 17 and Question 18, but you find that there are no damages, then you must award nominal damages.

**Answer in dollars and cents for damages, if any.**

(1) Physical pain and mental anguish

**Answer: $**______________________

If you answered Question 13, Question 16, or Question 19 for Deputy ~~Delgado~~ Ribbe, then answer Question 20. Otherwise, do not answer Question 20.

## QUESTION NO. 20

Do you find it appropriate to award punitive damages against Deputy Ribbe for the violation of Ms. Jones-MacDonald's constitutional rights?

Answer "Yes" or "No."

Answer: NO

After you retire to the jury room, you will select your presiding juror. The first thing the presiding juror will do is have the complete charge read aloud, and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror –

1. To preside during your deliberations,

2. To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. To write out and hand to the Court Security Officer any communications concerning the case that you desire to have delivered to the judge,

4. To conduct all voting on the questions,

5. To write your answers to the questions in the spaces provided, and

6. To certify your verdict in the space provided for the presiding juror's signature.

You should not discuss this case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror, you will inform the Court Security Officer at the door of the jury room that you have reached a verdict, and then you will return to court with your verdict.

You may now proceed to the jury room to begin your deliberations.

SIGNED this 10th day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE**

We, the jury, have answered the above questions as indicated, and return the answers as our verdict. Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

[redacted]

PRESIDING JUROR